[Civ. No. 3255. Second Appellate District, Division One.—December 18, 1919.]

## W. E. HINSHAW et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

[1] EMINENT DOMAIN—ISSUES—VERDICT—DAMAGES—NECESSITY FOR FURTHER FINDINGS.—In an eminent domain proceeding, the verdict of a jury as to the value of the land sought to be taken does not constitute a decision of the case, but the court is required, under section 1241 of the Code of Civil Procedure, to determine the fact that there exists the necessity for subjecting the property to the public use, regardless of whether the answer of the defendants contains a denial of such allegation of the complaint.

PROCEEDING in Prohibition to prevent the Superior Court of Los Angeles County, and Paul J. McCormick, Judge thereof, from hearing and deciding a motion for a new trial. Peremptory writ denied.

The facts are stated in the opinion of the court.

F. A. Knight for Petitioners.

A. J. Hill, County Counsel, Vincent Morgan and Wm. W. Clary for Respondent.

THE COURT.—Prohibition. Petitioners here were defendants in a certain action brought in the superior court by the Los Angeles County Flood Control District. That action was prosecuted to secure, by condemnation, certain lands for the uses of said district in the carrying out of the purposes described in the statute under which such district was organized. The complaint in the action set forth the different steps and proceedings had and taken by the board of supervisors preliminary to the commencement of the suit, and showed that the public use and necessity demanded that the property described be acquired by the there plaintiff. None of these petitioners made any denial as to the issues tendered by these preliminary allegations of the complaint; they did take issue as to the value of the land sought to be taken, and this issue was submitted to a jury, which returned a verdict thereon. Plaintiff was dissatisfied with the

finding made by the jury and within ten days after verdict served its notice of intention to move for a new trial, which motion was not brought on for hearing until after ninety days had expired subsequent to the entry of the verdict. When the motion came on for hearing, petitioners here, defendants in that case, objected to any consideration of the motion on the ground that such a motion was required to be disposed of within ninety days after the verdict of the jury, and that no authority resided in the court to act upon the same. This contention was made agreeable to the provisions of section 660 of the Code of Civil Procedure. However, at the time the first notice was given, no findings had been made in the action by the trial judge; but findings were subsequently made and thereafter a new notice of intention to move for a new trial was served and filed by the plaintiff there and the motion came on for hearing on the first day of December, 1919. The defendants, these petitioners, then objected that the court had not jurisdiction to rule upon the motion, basing the contention upon the same provisions of the section cited. The court, according to the petition here, heard the motion, took the same under advisement, and, as here alleged, "persists in entertaining said motion, and threatens to, and will unless restrained and prohibited from so doing, consider and grant a new trial in said cause." Under this situation, the objecting defendants petitioned this court for a writ of prohibition. A preliminary writ was issued and hearing has been had. It is admitted by petitioners that, if it was the duty of the superior court to make further findings of fact supplementing the verdict of the jury, then the second motion for a new trial, as noticed, was in time and the court had jurisdiction to consider and determine it. [1] The contention that the verdict of the jury constituted the decision after "trial," within the meaning of section 659 of the Code of Civil Procedure, rests upon the showing that, as petitioners did not controvert, by answer, any of the allegations of the complaint of respondent, except to raise the issue as to the amount of damages, all facts alleged, and not controverted, would be conclusively presumed to exist without proof, and hence require no finding. After a very careful consideration of the argument, we are not prepared to agree with petitioners that, in the action of eminent domain, the trial court has no function

to make findings where the only disputed issue is submitted to a jury. We think that, under the provisions of section 1241 of the Code of Civil Procedure, the court was required to determine the fact that there existed the necessity for subjecting the property to the public use sought, and that a judgment of condemnation alone would not immediately follow upon return of a verdict by the jury, by which verdict the damages to the defendants were assessed. If we are correct in this assumption, the case immediately falls within the decision made in *San Joaquin & Kings River Canal & Irr. Co.* v. *Stevinson,* 30 Cal. App. 405, [158 Pac. 768]. That case is quite full in its review of the preceding decisions referring to the commencement of the time within which notice of intention to move for a new trial may be given. It plainly holds that in a condemnation case the verdict of a jury upon a single issue alone does not constitute a decision of the case. It is true that it does not clearly appear that there was in that action no denial as to the necessity for the taking of the property. But, as we have indicated, we are of the opinion that in the proceeding of eminent domain it is the duty of the court to make its decision upon the matter adverted to, regardless of whether an answer contains allegations controverting those issues alleged in the complaint. Having reached that conclusion, we need not give particular attention to those facts affecting some of the petitioners only, where the court made findings regarding certain lien interests which were conceded to exist against the real property.

From the conclusions expressed, peremptory writ should be denied and this proceeding dismissed. It is so ordered.