[S. F. No. 17147. In Bank. Jan. 21, 1947.]

FONG CHUCK, Appellant, v. CHIN PO FOON et al., Respondents.

▆▆▆▆▆▆▆▆▆▆

J. H. Sapiro and Elden C. Friel for Appellant.

J. H. Brill for Respondents.

▆▆▆▆▆▆▆▆

SPENCE, J.—Plaintiff appeals from a judgment for defendants and from two orders made thereafter: one correcting a clerical error with regard to the entry of said judgment and the other refusing to vacate said judgment. The action, which was for specific performance of an alleged agreement for the sale of real property, was tried by the court without a jury. Inasmuch as certain procedural considerations affecting the jurisdiction of the court in its disposition of this case are determinative of the propriety of plaintiff's appeal, the record on its merits will not be reviewed and only the following table of dates need be noted:

May 25, 1944—judgment ordered for plaintiff and his counsel instructed to prepare findings of fact and conclusions of law.

June 13, 1944—on hearing, findings settled and their redraft ordered in accordance with rulings then made.

June 15, 1944—notice of intention to move for a new trial served and filed.

June 16, 1944—findings of fact and conclusions of law actually signed and filed, and judgment entered, decreeing specific performance as sought by plaintiff.

June 19, 1944—written notice of entry of judgment served and filed.

June 23, 1944—motion for a new trial argued and submitted for decision.

August 15, 1944—order filed setting aside the findings and judgment for plaintiff, and directing judgment for defendants upon reopening of the case. (Code Civ. Proc., sec. 662.)

· September 15, 1944—judgment for defendants signed and filed.

October 24, 1944—two orders made: one denying plaintiff's motion to strike the order of August 15, 1944; and the other correcting the minutes to show that the order which was apparently entered on August 15 was in fact entered August 14, 1944.

Plaintiff contends that the notice of intention to move for a new trial, served and filed prior to the signing of the findings of fact and conclusions of law, was premature; that in the absence of a timely notice, the trial court never acquired jurisdiction to pass upon the motion and therefore all proceedings based thereon are void. Plaintiff's position must be sustained. A substantially similar situation was presented in

the recent case of *Tabor* v. *Superior Court,* 28 Cal.2d 505 [170 P.2d 667], where it was held that the timely filing of the notice is essential to the trial court's jurisdiction and "proceedings for a new trial taken prematurely are a nullity and ineffectual for any purpose." (Page 507.) It was further stated in the Tabor case that "it is not within the power of the litigants to invest the court with jurisdiction to hear and determine the motion for a new trial by consent, waiver, agreement or acquiescence." (Page 507.)

Defendants apparently argue for a re-examination by this court of the rule established by *Tabor* v. *Superior Court, supra,* and the authorities cited therein. However, this court gave full consideration to the matter as evidenced by its statement in the Tabor case, at page 509, that "the adoption of any other rule could lead to endless confusion," and that adherence to the established rule was preferable despite the fact that it "may lead to harsh results in certain cases." ▋ Defendants further argue that plaintiff should be estopped from raising the objection that the notice was prematurely filed, but as the objection has been held to be one going to the jurisdiction of the trial court, we do not believe that jurisdiction may be conferred by estoppel when neither consent, waiver, agreement, nor acquiescence will suffice. (21 C.J.S. § 108, p. 161; see *Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315, 331, 334 [187 P. 1056]; *Amos* v. *Superior Court,* 196 Cal. 677, 681 [239 P. 317]; *Kegley* v. *Kegley,* 16 Cal.App. 2d 216, 220 [60 P.2d 482]; *Estate of Davis,* 38 Cal.App.2d 579, 582 [101 P.2d 761, 102 P.2d 545].)

It is apparently conceded that if the trial court did not have jurisdiction to grant a new trial, it had no jurisdiction to act under section 662 of the Code of Civil Procedure, which section gives the trial court certain additional powers when ruling upon a motion for a new trial. Since we have concluded that the trial court did not have jurisdiction to grant a new trial, it necessarily follows that the trial court had no power to vacate the judgment and to enter a new and different judgment from that theretofore entered.

The judgment and the orders appealed from are reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.