[Civ. No. 25137.   Second Dist., Div. Three.   Dec. 13, 1961.]

KATHERINE NITICH, Plaintiff and Appellant, v. FELIPE FERNANDEZ et al., Defendants and Respondents.

Berk & Bise and Eugene D. Alpern for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, Laurence R. Corcoran, Deputy City Attorney, Cushman & Grover and Melvin B. Grover for Defendants and Respondents.

VALLÉE, J.—Appeal from an order granting motions of defendants Felipe Fernandez and City of Los Angeles for a new trial.

The question is whether the trial court had jurisdiction to entertain and determine the motions.

Chronology:

March 25, 1960—jury returned verdict for plaintiff against Fernandez and City of Los Angeles. Defendants moved for judgment notwithstanding the verdict or, in the alternative, for new trial. Hearing of the motions continued to April 5, 1960. Entry of judgment stayed.

March 31, 1960—City of Los Angeles served and filed notice of intention to move for new trial on various grounds.

March 31, 1960—plaintiff and defendants stipulate that defendants have up to and including April 4, 1960, within which to serve and file notices of intention to move for new trial.

April 4, 1960—Fernandez served and filed notice of motion for judgment notwithstanding the verdict or, in the alternative, for new trial on various grounds.

April 5, 1960—motions heard and submitted.

April 21, 1960—minute order of March 25 amended *nunc pro tunc* as of that date to read: "Defendants Felipe Fernandez and City of Los Angeles move the court for Judgment Notwithstanding the Verdict, reserving the right to move for a new trial, as to each of said defendants."

April 21, 1960—motions for judgment notwithstanding the verdict denied. Motions for new trials ordered off calendar. Minute order says: "Notices of said motions were filed too late under Section 629 C.C.P. and prematurely under Section 659 sub 2 C.C.P." Judgment on verdict entered.

April 26, 1960—notice of entry of judgment served on defendants.

April 26, 1960—Fernandez served and filed notice of intention to move for new trial on various grounds including insufficiency of the evidence to justify the verdict.

April 27, 1960—notice of entry of judgment filed. Notice of ruling on motions for judgment notwithstanding verdict and for new trial served and filed.

April 29, 1960—City of Los Angeles served and filed notice of intention to move for new trial on grounds of excessive damages and insufficiency of the evidence to justify the verdict.

May 27, 1960—motions for new trial heard and submitted.

June 6, 1960—motions granted on ground of insufficiency of the evidence to justify the verdict. Counsel notified.

August 3, 1960—notice of appeal from order of June 6 filed.

Plaintiff's point is that the order of June 6 was in excess of the trial court's jurisdiction for either one of two reasons: 1. The original motions for new trial of March 31 and April 4, respectively, were properly before the court and deemed denied because the 60-day period prescribed by section 660 of the Code of Civil Procedure for determining them had expired before the June 6 ruling on the second motions; 2. defendants had waived their rights to move for new trial by failing to do so within five days from making their motions for judgment notwithstanding the verdict on March 25.

Section 659 of the Code of Civil Procedure at the time in question provided:

"The party intending to move for a new trial must file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial . . . *either*

"1. Before the entry of judgment and, where a motion for judgment notwithstanding the verdict is pending, then within five days after the making of said motion; or

"2. Within 30 days after the entry of the judgment or 10 days after service upon him by any party of written notice of the entry of judgment, whichever is earlier.

"Said notice shall be deemed to be a motion for a new trial on all the grounds stated in the notice. The time above specified shall not be extended by order or stipulation." (Emphasis added.)[1]

The power of the court to pass on a motion for a new trial expires 60 days from and after service on the moving party of written notice of the entry of the judgment, or, if such notice has not theretofore been served, then 60 days after filing of the notice of intention to move for new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect is a denial of the motion without further order of the court. (Code Civ. Proc., § 660.)

---

[1]Section 659 was amended in 1961. (Stats. 1961, ch. 604, § 2.) Such amendment is not applicable to this proceeding. Also see section 629 as amended in 1961. (Stats. 1961, ch. 604, § 1.)

■ Defendants filed their original notices of motion before entry of judgment and more than five days after they had made their motions for judgment notwithstanding the verdict. There was no statutory authorization for the original notices. They were a nullity and ineffectual for any purpose; they did not comply with either alternative time provision of section 659.

■ " 'Proceedings for a new trial taken prematurely are a nullity and ineffectual for any purpose' [citation], and it is not within the power of the litigants to invest the court with jurisdiction to hear and determine the motion for a new trial by consent, waiver, agreement or acquiescence." (*Tabor* v. *Superior Court*, 28 Cal.2d 505, 507-508 [170 P.2d 667].)[2]

Judgment was entered on April 21 and the original motions for new trial were ordered off calendar. Defendants' second notices were served and filed on April 26 and 29 respectively, both within 10 days from the entry of judgment and within time.

■ *The Yamato* v. *Bank of Southern California*, 170 Cal. 351 [149 P. 826], cited with approval in *Tabor* v. *Superior Court, supra,* is squarely in point. The court stated (p. 356):

"Appellant served and filed its notice of intention to move for a new trial on August 12, 1912. This was prior to the entry of the judgment. Thereafter, on the fourteenth day of August, 1912, the judgment was entered, and upon August 23d appellant served a new notice of intention to move for a new trial. Appellant's first notice of intention filed prior to the entry of the judgment was premature and a nullity. Its second notice of intention, served and filed upon August 23d was within ten days after the entry of the judgment, and therefore from any point of view, whether or not appellant had notice of the entry, was within time. (Code Civ. Proc., § 659.) This precise question has not heretofore been passed upon by this court, but has received consideration in Montana under a code section identical with ours, and we are in accord with the views of the Montana court in its construction of the statute. That is to say, the first notice was premature and a nullity, since the judgment had not been entered. (*Power* v. *Turner*, 37 Mont. 521 [97 P. 950].) And though formal notice of the entry of the judgment may be waived by the

---

[2]Also see *Fong Chuck* v. *Chin Po Foon*, 29 Cal.2d 552 [176 P.2d 705]; *Bryant* v. *Los Angeles Transit Lines*, 116 Cal.App.2d 473, 474 [253 P.2d 731]; *Arthur* v. *City of Los Angeles*, 144 Cal.App.2d 545, 546 [301 P.2d 286]; *McKinley* v. *Buchanan*, 176 Cal.App.2d 608, 612 [1 Cal.Rptr. 573].

moving party by instituting his proceedings in support of the motion, without such notice, as was here done under the second notice of intention, it will not be held that the mere fact that a premature notice was inadvertently given is a waiver such as will compel the appellant to stand upon the premature notice and forbid him giving a later and proper one. (*McIntyre* v. *MacGinniss*, 41 Mont. 87 [137 Am.St.Rep. 701, 108 P. 353].)"[3]

■. "[A] litigant may (1) either make his motion for a new trial before entry of the judgment and while his motion for judgment notwithstanding the verdict is pending, or (2) he may wait and make his motion for a new trial after his motion for judgment notwithstanding the verdict has been decided and the judgment entered." (*Kroiss* v. *Butler*, 129 Cal.App.2d 550, 554 [277 P.2d 873].)

■ Defendants did not, by not filing their notices of intention to move for new trial within five days after moving for judgments notwithstanding the verdict, waive their right to move for new trial after entry of judgment.

Affirmed.

Shinn, P. J., and Ford, J., concurred.

---

[3]See *Peters* v. *Anderson*, 113 Cal.App. 158, 161 [298 P. 76].