[S. F. No. 20843. In Bank. Mar. 22, 1962.]

AUTO EQUITY SALES, INC., et al., Petitioners, v. THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent; RICHARD E. HESENFLOW, Real Party in Interest.

452

Thomas, James & Pendleton and Douglas H. Pendleton for Petitioners.

Spencer M. Williams, County Counsel, and Richard S. Harrison, Deputy County Counsel, for Respondent.

Malcolm K. Campbell for Real Party in Interest.

PETERS, J.—Petitioners seek certiorari to review a decision of the appellate department of the superior court that vacated an order of the municipal court granting petitioners a new trial on the ground that the municipal court was without jurisdiction to grant the new trial. On this certiorari proceeding, it is contended that the appellate department of the superior court exceeded its jurisdiction in vacating the order granting the new trial. With this contention we agree.

The facts giving rise to this controversy are as follows: On December 20, 1960, a verdict for the plaintiff was returned in the municipal court action of Hesenflow v. Auto Equity Sales, Inc. The next day, on December 21, 1960, the defendants in that action, petitioners here, moved for a judgment notwithstanding the verdict, reserving the right to later move for a new trial. On January 23, 1961, defendants filed a notice of intention to move for a new trial. On February 17, 1961, judgment for the plaintiff was entered, and on March 2, 1961, defendants' motion for a new trial was granted. Plaintiff appealed to the appellate department of the superior court. That court vacated the order granting a new trial.

Whether the municipal court had jurisdiction to grant the new trial depends upon the proper interpretation of section 659 of the Code of Civil Procedure. That section, as it read prior to its amendment in 1961, read:

"The party intending to move for a new trial must file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial . . . either

"1. Before the entry of judgment and, where a motion for judgment notwithstanding the verdict is pending, then within five days after the making of said motion; or

"2. Within 30 days after the entry of the judgment or 10 days after service upon him by any party of written notice of the entry of judgment, whichever is earlier. . . ."

In the instant case, the real party in interest contended in the municipal court that the motion for a new trial was not made within the five days set forth in subdivision one, and that the municipal court could not grant the motion under that subdivision. It was also contended that, when a motion for judgment notwithstanding the verdict is made before

entry of judgment (as here), the notice of intention to move for a new trial must be filed within the five days provided in subdivision one, and that the "30 days after the entry of the judgment" provision of subdivision two is not applicable. In response to this contention the defendants in that action, petitioners here, referred the municipal court to the case of *Kroiss* v. *Butler,* 129 Cal.App.2d 550 [277 P.2d 873]. It was properly pointed out that in that case the appellate court had established the rule that when the motion for judgment notwithstanding the verdict is made before the entry of judgment, and the motion for new trial is made more than five days after the motion for judgment notwithstanding the verdict, and after entry of judgment, the new trial motion is filed in time within the meaning of the section, that is that the time limitations in the two subdivisions are not mutually exclusive. Undoubtedly and admittedly the *Kroiss* case so held. As will later appear, the *Kroiss* case was the only appellate court opinion in the books that had considered and passed upon this precise question.

The municipal court concluded, properly, that it was bound by the *Kroiss* case, and properly held that, under the rule of that case, the motion was filed within time. On the merits it granted the motion. The appellate department of the superior court, while recognizing that the *Kroiss* case was directly in point, refused to follow the rule of that case on the ground that that case had been decided incorrectly, and held that the two subdivisions of section 659 were mutually exclusive. Based on these premises, it held that no proper motion for a new trial had been filed, and that, for that reason, the municipal court had no jurisdiction to grant the new trial. The merits of the new trial order have never been passed upon.

Under these facts, whether or not the *Kroiss* case was decided correctly, the appellate department of the superior court exceeded its "jurisdiction," as that term is used in connection with the writ of certiorari, in refusing to follow a rule established by a court of superior jurisdiction.

Certiorari, like prohibition, is, of course, a "jurisdictional" writ. While it cannot be used to attack an error of a lower tribunal committed in the exercise of its jurisdiction, it is available when that tribunal has acted in excess of its "jurisdiction." (*Simmons* v. *Superior Court,* 52 Cal.2d 373 [341 P.2d 13]; *Portnoy* v. *Superior Court,* 20 Cal.2d 375 [125 P.2d 487].) The meaning of "jurisdiction" for

the purposes of certiorari and prohibition is different and broader than the meaning of the same term when used in connection with "jurisdiction" over the person and subject matter. (*Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715]; Goldberg, *The Extraordinary Writs and The Review of Inferior Court Judgments* (1948) 36 Cal.L.Rev. 558, 576.) In commenting on the meaning of "jurisdiction" in a prohibition case, it was said in *Abelleira* that, "Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of *stare decisis*, are in excess of jurisdiction, in so far as that term is used to indicate that those acts may be restrained by prohibition or annulled on *certiorari*." (17 Cal.2d at p. 291.)

 In this sense the appellate department of the superior court clearly exceeded its jurisdiction. In its opinion, after analyzing the point involved, the appellate department of the superior court stated that "there is no question but that the decision of the District Court of Appeals in *Kruiss* [*sic*] v. *Butler*, 129 C.A.2d 550 [277 P.2d 873], fully supports . . . [defendants]. With due respect to the District Court of Appeals which decided the *Kruiss* [*sic*] case, it is the opinion of this Court that the decision therein is erroneous."

This determination was clearly in excess of the jurisdiction of the appellate department of the superior court. Under the doctrine of *stare decisis*, all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction. Otherwise, the doctrine of *stare decisis* makes no sense. The decisions of this court are binding upon and must be followed by all the state courts of California. Decisions of every division of the District Courts of Appeal are binding upon all the justice and municipal courts and upon all the superior courts of this state, and this is so whether or not the superior court is acting as a trial or appellate court. Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court. (*People* v. *McGuire*, 45 Cal. 56, 57-58; *Latham* v. *Santa Clara County Hospital*, 104 Cal. App.2d 336, 340 [231 P. 2d 513]; *Globe Indemnity Co.* v. *Larkin*, 62 Cal.App.2d 891, 894 [145 P.2d 633].)

██ This rule requiring a court exercising inferior jurisdiction to follow the decisions of a court exercising a higher jurisdiction has particular application to the appellate departments of the superior court. Until very recently, the decisions of those courts were not subject to appellate review except by the use of original writs in exceptional cases. Even under the recent constitutional amendment (Cal. Const., art. VI, § 4e), which is not here applicable, the right of review is strictly limited (Code Civ. Proc., § 988t; Pen. Code, § 1471). It would create chaos in our legal system if these courts were not bound by higher court decisions.

██ The *Abelleira* case, *supra*, held that the rule of *stare decisis* was a rule of jurisdiction for the purposes of the writ of prohibition (17 Cal.2d at p. 293). For the reasons stated in that case, that rule is also one of jurisdiction for the purposes of the writ of certiorari. Therefore, the appellate department of the superior court exceeded its jurisdiction when it refused to follow *Kroiss* v. *Butler, supra,* 129 Cal.App.2d 550.

██ Of course, the rule under discussion has no application where there is more than one appellate court decision, and such appellate decisions are in conflict. In such a situation, the court exercising inferior jurisdiction can and must make a choice between the conflicting decisions. Respondent court urges that this rule is here applicable because it cited in its opinion, and relied upon, the case of *White* v. *Tacoma Lumber Sales, Inc.,* 192 Cal.App.2d 615 [13 Cal.Rptr. 708], which it claims is in conflict with the *Kroiss* case.

It is true that the respondent court, in its opinion, cited the *White* case, *supra*. The opinion of the respondent court in the instant case is six and a half pages long. Five and a third pages are devoted to a short statement of the facts, and to a detailed statement of that court's interpretation of section 659 of the Code of Civil Procedure, and why that interpretation is sound, and that given in *Kroiss* is incorrect. At the very end of that detailed discussion the respondent court stated: "This interpretation [of section 659 of the Code of Civil Procedure] in the opinion of this Court, is supported by the recent decision in *White* v. *Tacoma Lumber Sales, Inc.,* 192 Cal.App.2d 615 [13 Cal.Rptr. 708]." This is the only mention of the *White* case in the opinion.

The *White* case did not announce a rule contrary to *Kroiss.* *White* is a very short opinion. All that it held was that if a motion for judgment notwithstanding the verdict is made

before entry of judgment, and no reservation of the right to move for a new trial is made, then a motion for a new trial made more than five days after the motion for a judgment notwithstanding the verdict is not only too late under subdivision 1 of section 659 of the Code of Civil Procedure, but the right to make such motion is waived under section 629 of that code. Factually and legally *White* differs from the *Kroiss* problem. *White* did not mention or discuss subdivision 2 of section 659. Indeed, under its holding, subdivision 2 was not relevant or involved. Subdivision 2 was the section involved in *Kroiss*. Thus the two cases dealt with different problems, and are in no sense contrary to each other.

The contention is also made that *Kroiss* was incorrectly decided and should be overruled. It is not necessary to now decide that question. The petitioners relied upon, and the municipal court, as indeed it had to, followed, the *Kroiss* case. ▮ The appellate department of the superior court exceeded its jurisdiction in not doing likewise. As already pointed out, that case was the only one that had been decided on the point in question. Even if that case had incorrectly interpreted section 659 (a point on which we express no opinion) we would not now reverse it so as to deprive petitioners of a new trial after they had acted in reliance on it. The *Kroiss* case dealt with a rule of procedure. ▮ Even if we were to now overrule *Kroiss*, fairness would require that such overruling should operate only prospectively and not retroactively. That has been the practice of this court in such matters. (*Phelan* v. *Superior Court,* 35 Cal.2d 363, 371-372 [217 P.2d 951] ; see also *Parrott* v. *Furesz,* 153 Cal.App.2d 26, 30-32 [314 P.2d 47].) A reconsideration of the rule announced in *Kroiss* as to its prospective operation would be pointless. This is so, because sections 659 and 629 of the Code of Civil Procedure were materially amended in 1961.[1] As can

[1]Section 659 now reads in part:
''The party intending to move for a new trial must file with the clerk and serve upon the adverse party a notice of his intention to move for a new trial ... either
''1. Before the entry of judgment; or
''2. Within 30 days after the entry of the judgment or 10 days after service upon him by any party of written notice of the entry of judgment, whichever is earlier.''
Section 629 now reads in part: ''A motion for judgment notwithstanding the verdict shall be made within the period specified by Section 659 of this code in respect of the filing and serving of notice of intention to move for a new trial. The making of a motion for judgment notwithstanding the verdict shall not extend the time within which a party may

458

readily be seen, the problems presented in *Kroiss* can no longer arise.

 In a final effort to support its order vacating the order granting a new trial, the respondent court contends that, even if petitioners could move for a new trial under subdivision 2 of section 659 as it read when this case arose, and as held in *Kroiss*, the motion here was filed prematurely under that subdivision, and that such premature filing did not give the municipal court the jurisdiction to consider the motion. Respondent court relies on several cases, hereafter mentioned, that have established the rule that a premature filing of the notice of intention to move for a new trial does not confer jurisdiction on the trial court to grant the motion.

That rule does not here apply because the filing was not "premature" in the sense that that term is used in those cases. In the instant case petitioners filed their notice of intention to move for a new trial after the verdict of the jury and more than five days after making their motion for judgment notwithstanding the verdict but before judgment was entered. Thus, the motion was too late under subdivision 1 of section 659, and respondent contends it was too early, or "premature" under respondent's interpretation of subdivision 2. The cases establish no such rule.

 The concept of prematurity as applied to new trial proceedings is based on two major concepts—one is that to vest the trial court with the jurisdiction to pass on a motion for a new trial a timely notice must be made (*Peters* v. *Anderson,* 113 Cal.App. 158 [298 P. 76]). The other is that the motion cannot be made until there is a decision in the case.

 The statutory scheme on new trials makes it quite evident that a new trial is not proper until the action has been prosecuted to a point where it can be said to be complete. (*Vitimin Milling Corp.* v. *Superior Court,* 1 Cal.2d 116, 120-121 [33 P.2d 1016] ; *Shapiro* v. *Equitable Life Assur. Soc.,* 76 Cal.App.2d 75, 98-99 [172 P.2d 725] ; *Hughes* v. *DeMund,* 70 Cal.App. 265, 266-267 [233 P. 93].) A new trial is defined as "a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee." (Code Civ. Proc., § 656.) Under section 657 of the Code of

file and serve notice of intention to move for a new trial. The court shall not rule upon the motion for judgment notwithstanding the verdict until the expiration of the time within which a motion for a new trial must be served and filed, and if a motion for a new trial has been filed with the court by the aggrieved party, the court shall rule upon both motions at the same time. ..."

Civil Procedure a "verdict may be vacated and any other decision may be modified or vacated" upon application for a new trial made by any "party aggrieved." Until there has been a decision there is no aggrieved party. (*Root* v. *Daugherty,* 201 Cal. 12, 14 [255 P. 181]; *Brison* v. *Brison,* 90 Cal. 323, 326-328 [27 P. 186].) Based on these propositions the cases have developed the rule that giving notice of intention to move for a new trial before the case is *decided* is "premature," and without legal effect. That is sound law.

There are several situations to which that rule properly applies. In a case tried by the court alone the decision is rendered only when the court signs and files its findings of fact and conclusions of law. (Code Civ. Proc., § 632; *Aspegren & Co., Inc.* v. *Sherwood, Swan & Co.,* 199 Cal. 532, 537 [250 P. 400]; *Dominguez* v. *Mascotti,* 74 Cal. 269, 270 [15 P. 773].) This being so, it has been repeatedly held that a notice of intention to move for a new trial filed before the court has signed and filed its findings and conclusions is "premature" and therefore void. (*Fong Chuck* v. *Chin Po Foon,* 29 Cal.2d 552 [176 P.2d 705]; *Tabor* v. *Superior Court,* 28 Cal.2d 505 [170 P.2d 667]; *Reeve* v. *Jahn,* 9 Cal.2d 244 [70 P.2d 610]; *Estate of Barker,* 207 Cal. 112 [276 P. 992]; *Root* v. *Daugherty, supra,* 201 Cal. 12; *Dominguez* v. *Mascotti, supra,* 74 Cal. 269; *McKinley* v. *Buchanan,* 176 Cal.App.2d 608 [1 Cal.Rptr. 573]; *Arthur* v. *City of Los Angeles,* 144 Cal.App.2d 545 [301 P.2d 286]; *Bryant* v. *Los Angeles Transit Lines,* 116 Cal.App.2d 473 [253 P.2d 731]; *Reimer* v. *Firpo,* 94 Cal.App.2d 798 [212 P.2d 23]; *Crillo* v. *Curtola,* 91 Cal. App.2d 263 [204 P.2d 941]; *Frye* v. *Pacific Freight Lines,* 27 Cal.App.2d 748 [81 P.2d 1027]; *Brown* v. *Superior Court,* 10 Cal.App.2d 365 [52 P.2d 256].)

The rule of prematurity has also been applied in cases tried by a jury. In one group of cases, dealing with advisory juries, a notice of intention to move for a new trial has been held "premature" when filed after the jury's verdict but before the court's decision. These cases reason that since the verdict is only advisory, the trial was not terminated when the verdict was rendered, but continued until the court signed and filed its findings and conclusions. (*Bell* v. *Marsh,* 80 Cal. 411 [22 P. 170]; *James* v. *Superior Court,* 78 Cal. 107 [20 P. 241]; *Spottiswood* v. *Weir,* 66 Cal. 525 [6 P. 381]; *Warring* v. *Freear,* 64 Cal. 54 [28 P. 115]; *Bates* v. *Gage,* 49 Cal. 126.) There are several eminent domain cases in which a notice of intention was held to be "premature" when filed

after the jury verdict was returned on the issue of damages. These cases reason that the jury's verdict on damages does not determine all of the issues in an eminent domain suit. Until the court signs and files its findings and conclusions on the other issues in a condemnation action the trial is not complete and no "decision" has been made. (*City of Los Angeles* v. *Cole*, 28 Cal.2d 509 [170 P.2d 928]; *Reclamation Dist. No. 556* v. *Thisby*, 131 Cal. 572 [63 P. 918]; *Hinshaw* v. *Superior Court*, 45 Cal.App. 105 [187 P. 41]; *San Joaquin etc. Irr. Co.* v. *Stevinson*, 30. Cal.App. 405 [158 P. 768].) Finally there are several cases where the parties have stipulated to submitting only some of the issues to the jury. Of course a notice filed after the jury verdict as to these, and before the court's determination of the other issues in the case, is "premature." There is no decision in the case until all of the issues are determined. (*Barnes* v. *Foley*, 189 Cal. 226 [207 P. 885]; *Estate of McKenna*, 138 Cal. 439 [71 P. 501]; *Cloud* v. *State Terminal Co., Ltd.*, 22 Cal.App.2d 568 [71 P.2d 600].)

Thus, under these cases, the meaning and extent of the prematurity doctrine is clearly apparent. A notice of intention to move for a new trial is "premature" and void if filed before there has been a "trial and decision." (Code Civ. Proc., § 656.) As succinctly stated by Witkin, "That 'decision' is the *rendition of judgment* by the *verdict* of the jury or the signed and filed *findings* of the court." (3 Witkin, California Procedure, § 23, p. 2071.) For purposes of section 659 a "trial" is complete when all the issues have been determined (*Krug* v. *John E. Yoakum Co.*, 27 Cal.App.2d 91, 96 [80 P.2d 492]; *San Joaquin etc. Irr. Co.* v. *Stevinson, supra,* 30 Cal.App. 405, 416) as to the "party aggrieved" in question (*Fennessey* v. *Pacific Gas & Elec. Co.*, 10 Cal.2d 538, 541 [76 P.2d 104]). In a jury tried case the trial is not complete until the jury renders a verdict (*Vitimin Milling Corp.* v. *Superior Court, supra,* 1 Cal.2d 116, 120-121), but once it has rendered a verdict disposing of all the issues in the case then there has been a "trial and decision" (*People ex rel. Allen* v. *Hill,* 16 Cal. 113, 117). In a case tried by a jury, a notice of intention to move for a new trial will be "premature" only if filed before the verdict is rendered which decides the case.

This conclusion is supported by the case of *Estate of Green,* 25 Cal.2d 535 [154 P.2d 692]. In that case, a will contest, all grounds for contesting the will were tried by a jury. The

jury rendered its verdict for contestant on October 14, 1942. The same day the proponents made a motion for judgment notwithstanding the verdict, reserving the right to move for a new trial. On or after October 24, 1942, a motion for new trial was made. The motion for judgment notwithstanding the verdict was denied and the motion for a new trial was granted. On appeal contestant attacked the order granting the new trial on the ground that the notice was "premature" because the court had not rendered its judgment "either admitting the will to probate or rejecting it." (Prob. Code, § 373.) This court unanimously held that the notice was not "premature." Since all of the issues were determined by the jury's verdict, the case had, therefore, been *decided* for purposes of section 659.

In reaching that result, this court found it necessary to distinguish the case of *Estate of McKenna, supra,* 138 Cal. 439, which had held that the motion for a new trial there involved was "premature." In doing so, this court stated: "The difference between the facts in that case and those now before us, at least in one respect, is that in the *McKenna* case all the issues raised by the petition of contestants were not submitted to the jury nor decided by their verdict. For that reason no legal judgment could be rendered before all such issues had been disposed of either by the jury or by the court. Therefore, no valid judgment could be entered by the court pursuant to the jury's verdict. Accordingly, the court on appeal held that 'there had been no decision of the case, and the proceedings for new trial were prematurely taken, and on that ground, that the motion was rightly denied.' " (*Estate of Green, supra,* 25 Cal.2d at p. 539.)

The court there noted: "In cases tried by a jury in which a trial by jury is a matter of right, the verdict simply takes the place of findings of fact and conclusions of law in cases tried by the court [citation], and the same rule as to the time of filing of such a notice of motion should apply to cases tried by a jury as is followed in cases tried by the court. Applying this rule to the facts in this case, it is apparent that the filing of the notice of intention to move for a new trial after the verdict of the jury was not premature, but on the other hand was timely and legally effective for the purpose intended. As we have seen, the verdict of the jury in the present case disposed of all issues raised by the petition of contestant and was sufficient to support a judgment denying probate of the purported will, had it not been set aside by the court in

granting proponents' motion for a new trial." (25 Cal.2d at p. 541.)

*Estate of Green* was approved and followed in *City of Los Angeles* v. *Cole, supra,* 28 Cal.2d 509, the companion case to *Tabor* v. *Superior Court, supra,* 28 Cal.2d 505, which holds that a notice is "premature" when made before findings and conclusions were signed and filed. That part of *Nitich* v. *Fernandez,* 197 Cal.App.2d 858 [18 Cal.Rptr. 92], which is inconsistent with *Estate of Green* and the discussion herein should be, and is, disapproved.

The case of *Yamato* v. *Bank of S. California,* 170 Cal. 351 [149 P. 826], is not contrary to the position here stated. *Yamato* held that a premature notice will not bar a later timely notice of intention to move for a new trial. The date of *decision* in that case, one tried by the court sitting without a jury, does not appear on the face of the opinion. Since it is well established that in court tried cases it is the date of signing and filing the findings and conclusions that determines "prematurity" (*Tabor* v. *Superior Court, supra,* 28 Cal.2d 505), *Yamato's* discussion concerning the date of entry of the judgment can no longer be followed. Moreover, just as section 659 as it then read (Stats. 1907, ch. 380, p. 717) fully explains *Yamato's* concern with the date judgment is entered, the 1923 amendment to 659 (Stats. 1923, ch. 367, p. 751) makes that date now inapplicable in determining prematurity.

It follows that the municipal court did not act in excess of its jurisdiction in entertaining petitioners' motion for new trial. That being so, the decision of the superior court, appellate department, was in excess of its jurisdiction, and must be annulled.

The judgment of the superior court, appellate department, is annulled.

Gibson, C. J., Traynor, J., White, J., and Dooling, J., concurred.