[Civ. No. 30194. Second Dist., Div. Three. Mar. 7, 1966.]

CITY OF SANTA BARBARA, Petitioner, v. THE SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent; CROCKER-CITIZENS NATIONAL BANK, Real Party in Interest.

Stanley T. Tomlinson, David T. Hayden and Norval Fairman for Petitioner.

Robert K. Cutler, County Counsel, and Thomas P. Anderle, Deputy County Counsel, for Respondent.

Crawford, Schwartz, Wood & Otero, Thorpe, Sullivan, Clinnin & Workman, Roger M. Sullivan and Herbert J. O'Meara for Real Party in Interest.

FRAMPTON, J. pro tem.*—Prohibition to restrain the respondent court from proceeding with a new trial after order granting a motion for a new trial.

Petitioner is the plaintiff in an action in eminent domain commenced in the respondent court designated as number 71624 and entitled "City of Santa Barbara, a municipal corporation, Plaintiff, vs. Crocker-Citizens National Bank, a national banking association, as successor trustee under the Will of Antonio J. Orella, Deceased, et al, Defendants." The purpose of the action was to acquire a parcel of real property to be used by the plaintiff City of Santa Barbara for parking purposes.

The action went to trial before a jury on the issue of damages for the taking of the real property involved and on July 30, 1965, the jury returned its verdict in the sum of $126,480 as damages for the parcel taken and found that there was no severance damage.

On September 28, 1965, Crocker-Citizens National Bank, the real party in interest, being dissatisfied with the amount of the award, served and filed its notice of motion of intention to move for a new trial. On October 15, 1965, the motion for a new trial was heard and submitted. On November 9, 1965, the trial judge signed and filed his findings, conclusions and judgment. On November 16, 1965, notice of entry of judgment was served on Crocker-Citizens National Bank. On December

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

21, 1965, Crocker-Citizens National Bank filed its notice of appeal in which it stated in part that it ". . . hereby appeals from that certain judgment entered on or about November 9, 1965, motion for a new trial having been denied by operation of law on November 27, 1965." On January 4, 1966, the trial judge granted the motion for a new trial.

From the foregoing summary it is apparent that the notice of motion for new trial was filed and the motion was heard prior to the time that the decision of the court was rendered and the notice of motion was therefore prematurely filed. It is settled that the judgment entered herein on November 9, 1965, while sometimes referred to as an interlocutory judgment, is the final judgment from which an appeal may be taken. (*McDaniels* v. *Dickey,* 219 Cal. 89, 92 [25 P.2d 404]; *City of Los Angeles* v. *Deacon,* 3 Cal.2d 641, 645 [46 P.2d 165]; *Bank of America* v. *City of Glendale,* 4 Cal.2d 477, 481 [50 P.2d 1035].) ■ In eminent domain cases it has been held that a notice of intention to move for a new trial is prematurely filed where such notice is filed after the verdict of the jury on the question of damages and before the trial court has rendered its decision on the other issues such as public use and necessity. (*City of Los Angeles* v. *Cole,* 28 Cal.2d 509, 512 [170 P.2d 928]; *Reclamation Dist. No. 556* v. *Thisby,* 131 Cal. 572, 574 [63 P. 918]; *Hinshaw* v. *Superior Court,* 45 Cal.App. 105, 106-107 [187 P. 41].) ■ Proceedings for a new trial taken prematurely are a nullity and ineffectual for any purpose. (*Root* v. *Daugherty,* 201 Cal. 12 [255 P. 181]; *Tabor* v. *Superior Court,* 28 Cal.2d 505, 507 [170 P.2d 667]; *City of Los Angeles* v. *Cole, supra,* at p. 514; *Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 459 [20 Cal.Rptr. 321, 369 P.2d 937]; *Estate of Green,* 25 Cal.2d 535, 540 [154 P.2d 692]; *Bryant* v. *Los Angeles Transit Lines,* 116 Cal.App.2d 473, 474 [253 P.2d 731].) ■ It is also settled that it is not within the power of the litigants to invest the court with jurisdiction to hear and determine the motion for a new trial by consent, waiver, agreement or acquiescence. (*Tabor* v. *Superior Court, supra,* at p. 507; *Fong Chuck* v. *Chin Po Foon,* 29 Cal.2d 552, 553-554 [176 P.2d 705]; *Nitich* v. *Fernandez,* 197 Cal.App.2d 858, 861 [18 Cal.Rptr. 92]; 3 Witkin, Cal. Procedure (1954) § 23, p. 2071.) ■ Nor may the trial court upon its own motion grant a new trial. (*Quevedo* v. *Superior Court,* 131 Cal.App. 698, 700 [21 P.2d 998]; *Cooper* v. *Superior Court,* 12 Cal.App.2d 336, 338 [55 P.2d 299]; *Del Barrio* v. *Sherman,* 16 Cal.App.2d 407, 413 [60 P.2d 559].) There are no elements

of estoppel shown here as were present in *City of Los Angeles* v. *Cole, supra,* pages 514-515.

There being no valid motion for a new trial pending, and the court being without power to grant a new trial upon its own motion, it follows that the court was without jurisdiction to make its order of January 4, 1966, granting the motion for a new trial and such order is void.

Let the peremptory writ issue directing the respondent court to vacate and set aside its order of January 4, 1966, granting the motion for a new trial and to refrain from conducting any further proceedings as to a new trial of the action.

Ford, J., and Kaus, J., concurred.