[Civ. No. 57791. Second Dist., Div. One. Apr. 9, 1980.]

JUAN G. RUIZ et al., Plaintiffs and Appellants, v.
DAVID RUIZ et al., Defendants and Respondents.

376

COUNSEL

Goldman, Gordon & Lipstone, Frank E. Gumbinger, Robert P. Gordon and Robert Pacheco for Plaintiffs and Appellants.

Stephen C. Rasak for Defendants and Respondents.

OPINION

**LILLIE, Acting P. J.**—██ ██ ██ Plaintiffs appeal from an order granting defendants' motion for a new trial.[1]

---

[1]An order granting a motion for new trial is appealable. (Code Civ. Proc., § 904.1, subd. (d); *Kolar* v. *County of Los Angeles* (1976) 54 Cal.App.3d 873, 875, fn. 1 [127 Cal.Rptr. 15].)

Plaintiffs brought an action for cancellation of their grant deed conveying real property to defendants alleging as grounds therefor, fraud (both misrepresentation and concealment), undue influence and mistake. They also sought punitive damages. The action was tried by a jury which rendered a general verdict in favor of plaintiffs and against defendants. The jury also made findings of fact on issues submitted to it by the court. The jury's findings indicated that mistake was the sole ground for cancellation of the deed, that upon cancellation plaintiffs should pay defendants $1,449.94, and that there was no basis for an award of punitive damages. Approximately a month after rendition of the verdict and the jury's findings, the court made an "order re judgment."[2] ■ ■■■ In that order the court determined that the action as pleaded and tried was an action in equity and therefore the jury's findings were merely advisory;[3] however, the court indicated that it would accept the findings and directed counsel for plaintiffs to prepare a judgment cancelling the deed on condition that plaintiffs pay defendants $1,449.94. Defendants requested findings of fact and conclusions of law. (Code Civ. Proc., § 632.) In response to that request the court directed counsel for plaintiffs to prepare proposed findings and conclusions "in accordance with the findings of fact of the jury." Counsel for plaintiffs prepared proposed findings of fact and conclusions of law which were served on defendants and submitted to the court, but were not signed and filed. In this posture of the case, the findings and conclusions being unsigned and unfiled, defendants filed notice of intention to move for a new trial. Following a hearing, the court granted the motion.

■ Plaintiffs contend that the notice of intention to move for a new trial was premature and the court therefore was without jurisdiction to hear and determine the motion. We agree.

[2]The order reads as follows: "Following a conference on July 27, 1978, the Court took under submission the findings of the jury. The Court now makes the following order:

"The court is of the opinion that the action as pleaded and tried lies in equity and that the findings of the jury in this cause are therefore advisory only to the Court.

"However as the positions of the parties and the evidence presented was totally contradictory the issues can only be decided on the evaluation of the credibility of the witnesses. The jurors having impliedly found that the testimony of the plaintiffs was the more credible the Court will accept and be guided by that findings [sic].

"Counsel for the plaintiffs is directed to prepare a judgment of recission [sic] for the plaintiffs upon condition that they pay to the defendants the sum of $1,449.94."

[3]An action to cancel a written instrument is an equitable action in which a trial by jury is not a matter of right. (Proctor v. Arakelian (1929) 208 Cal. 82, 98-99 [280 P. 368]; Santa Ana M. & I. Co. v. Kinslow (1938) 30 Cal.App.2d 107, 109 [85 P.2d 899].)

A new trial is defined as "a re-examination of an issue of fact in the same court after a trial *and decision* by a jury, court, or referee." (Code Civ. Proc., § 656; italics added.) Under section 657 of the Code of Civil Procedure a "verdict may be vacated and any other decision may be modified or vacated" upon application for a new trial made by any "party aggrieved." Until there has been a decision there is no aggrieved party. (*Root* v. *Daugherty* (1927) 201 Cal. 12, 14-15 [255 P. 181].) Accordingly, a notice of intention to move for a new trial is premature if given before there is a decision in the case. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 459 [20 Cal.Rptr. 321, 369 P.2d 937].) ■ The decision is the rendition of judgment by the verdict of the jury or the signed and filed findings of fact and conclusions of law of the court.[4] (*Id.*, at p. 460; 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 52, p. 3628.) Unless waived, findings must be made in an equity case tried with the aid of a jury. (*Holland* v. *Kelly* (1917) 177 Cal. 43, 45 [169 P. 1000].) ■ A general verdict rendered by the jury is insufficient and should be disregarded; even a special verdict is only advisory to the court and may be rejected or adopted by it. (*Warring* v. *Freear* (1883) 64 Cal.54, 56 [28 P. 115].) "In equity cases the findings of the jury are merely advisory. A case has not been *tried* until all the issues have been disposed of, and there has been no *decision* until the court has passed upon the facts and drawn its conclusions of law therefrom." (*Bell* v. *Marsh* (1889) 80 Cal. 411, 414 [22 P. 170]; original italics.) The findings of the jury being merely advisory, findings by the court are necessary. (*Vallejo etc. R. R. Co.* v. *Reed Orchard Co.* (1915) 169 Cal. 545, 556 [147 P. 238]; *Lenard* v. *Edmonds* (1957) 151 Cal.App.2d 764, 771 [312 P.2d 308]; *Brichetto* v. *Raney* (1926) 76 Cal.App. 232, 241 [245 P. 235].) As stated in *De Arellanes* v. *Arellanes* (1907) 151 Cal. 443, 449 [90 P. 1059]; "In actions of this character a party is not entitled to a jury as a matter of right, and if a jury be called in it simply acts in an advisory capacity, the court being compelled to make findings of its own, and in so doing it is free to adopt or reject the findings of the jury as it deems proper." ■ In the present case the court, although it indicated its intention to adopt the jury's findings, did not do so by making its own findings. It follows that there was no decision in the case and defendants' notice of intention to move for a new trial therefore was premature.

---

[4]The order re judgment did not constitute the "decision" in the present case because the court therein ordered the preparation of a judgment. Moreover, following rendition of the order defendants requested written findings and conclusions.

The timely filing of such a notice is essential to the court's jurisdiction to entertain a motion for new trial. (*Fong Chuck* v. *Chin Po Foon* (1947) 29 Cal.2d 552, 553-554 [176 P.2d 705]; *Tabor* v. *Superior Court* (1946) 28 Cal.2d 505, 507-508 [170 P.2d 667].) Proceedings for a new trial taken prematurely are ineffective for any purpose, and it is not within the power of the litigants to invest the court with jurisdiction to hear and determine the motion by consent, waiver, agreement or acquiescence. (*Tabor* v. *Superior Court, supra*, 28 Cal.2d at p. 507; *City of Santa Barbara* v. *Superior Court* (1966) 240 Cal. App.2d 612, 614 [49 Cal.Rptr. 798].) Accordingly, the court was without jurisdiction to make its order granting defendants' motion for new trial. Such order therefore is void and of no force and effect as completely as if never entered.[5] (*Peters* v. *Anderson* (1931) 113 Cal.App. 158, 160 [298 P. 76].)

The order is reversed.

Hanson (Thaxton), J., and Schwartz, J.,* concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 4, 1980.

---

[5]Where the law allows an appeal from a judgment or order, it is appealable even though void. (*Phelan* v. *Superior Court* (1950) 35 Cal.2d 363, 366 [217 P.2d 951].) The proper procedure is to reverse the void order rather than dismiss the appeal from it. (*Avery* v. *Associated Seed Growers, Inc.* (1963) 211 Cal.App.2d 613, 630 [27 Cal. Rptr. 625].)

*Assigned by the Chairperson of the Judicial Council.