[Civ. No. 19168. Third Dist. Nov. 3, 1981.]

TED EHRLER et al., Plaintiffs and Appellants, v.
THEODORE EHRLER, SR., Defendant and Respondent.

148

**COUNSEL**

Fred T. Roseberry III for Plaintiffs and Appellants.

Sanguinetti, Willett & Seligman and J. James Sanguinetti for Defendant and Respondent.

Hanson, Bridgett, Marcus, Vlahos & Stromberg, John J. Vlahos and Robert L. Rusky as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

**REGAN, J.**—Plaintiffs appeal, upon a clerk's transcript only, from a money judgment entered after trial by the court in this action in which plaintiffs sought specific performance for the sale of land or, in the alternative, value of services rendered.

### FACTS

Plaintiffs are the sons of the defendant, Theodore Ehrler, Sr. Defendant owned and operated several dairy ranches among which is the property in question, a dairy ranch located at 27054 Carter Road (Carter Road Ranch), Escalon, San Joaquin County. Defendant made promises and statements to the plaintiffs that they would be compensated, either in land or money, for labor performed on the defendant's land after they reached 21 years of age. After the plaintiffs had reached the age of 21 they remained on the ranch as "milkers" and "ranch hands" and worked full time and part time. Ted reached 21 years of age in 1961 and Otto reached 21 in 1964. Subsequently, in 1971, defendant informed them that he did not intend to compensate them for the work performed. This action was then filed in August of 1972.

After the presentation of the plaintiffs' case, the trial court granted defendant's motion for nonsuit on plaintiffs' first three causes of action that dealt with the issue of specific performance.[1]

On October 19, 1977, the trial court issued its intended decision awarding the plaintiffs a total sum of $21,500 as compensation for the reasonable value of plaintiffs' labor. Subsequently, on April 6, 1979, plaintiffs filed a notice of intent to move for a new trial on the grounds of recently discovered evidence material to their case. No action was taken on this notice. On October 5, 1979, the trial court signed its find-

---

[1]Section 631.8 of the Code of Civil Procedure abolished the motion for nonsuit in nonjury civil trials and replaced it with a motion for judgment. We will treat the motion as a motion for judgment.

ings of fact, conclusions of law and the judgment. In addition, on that date, the clerk of the court both entered the judgment and served notice of entry of judgment upon the parties.

On October 25, 1979, plaintiffs filed a second notice of intent to move for a new trial, on the same ground as the prior notice, recently discovered, material evidence. Plaintiffs' motion was heard by the trial court on November 15, 1979. The motion was denied on the same date.

DISCUSSION

On appeal plaintiffs contend: (1) the trial court committed error in failing to act on the first motion and in denying the second motion for a new trial; and (2) the findings do not support the judgment. We disagree and shall affirm the judgment.

I

Plaintiffs moved for a new trial under Code of Civil Procedure section 657, subdivision 4. That section and subdivision allows a party to move for "a new or further trial" on all or part of the issues when there is "newly discovered evidence" which the moving party "could not, with reasonable diligence, have discovered and produced at the trial." The new evidence in this case was a writing alleged to be handwritten by the defendant in 1969 that states defendant "wished" to make an agreement to sell the Carter Ranch to plaintiffs.

■ Timely filing is essential to the jurisdiction of the court to entertain a motion for a new trial. (*Tabor* v. *Superior Court* (1946) 28 Cal.2d 505, 507-508 [170 P.2d 667]; *Ruiz* v. *Ruiz* (1980) 104 Cal. App.3d 374, 379 [163 Cal.Rptr. 708]; 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 51, p. 3626.) ■ The trial court does not have the jurisdiction to make an order granting a new trial on its own motion. ■ The power to grant a new trial may be exercised only through statutorily authorized procedure. (*Smith* v. *Superior Court* (1976) 64 Cal.App.3d 434, 436 [134 Cal.Rptr. 531].) Plaintiffs' notices of intent to move for a new trial, filed on April 6, 1979, and October 25, 1979, were untimely.

■ The time period for making a motion for new trial under section 657, subdivision 4, is regulated by Code of Civil Procedure section 659. That section states in relevant part:

"The party intending to move for a new trial must file with the clerk ... designating the grounds upon which the motion will be made ..., either

"1. Before the entry of judgment; or

"2. Within 15 days of the date of mailing notice of entry of judgment by the clerk ... or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest; ..." Section 659 further provides the time period for filing will not be extended by either "order or stipulation."

Section 659 allows a notice of motion to be filed prior to the entry of the judgment. At first impression one would conclude that the first notice was filed in a timely manner as the notice was filed after the filing of the intended decision and prior to the filing of the findings of fact, conclusions of law and the judgment on October 5, 1979. But as Witkin states, "The phrase 'before the entry of judgment' is obscure, misleading and a dangerous trap for the uninformed attorney." (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgement in Trial Court, § 52, p. 3628.) Section 656 of the Code of Civil Procedure defines a new trial as "a re-examination of an issue of fact in the same court after a *trial and decision* by a jury, court or referee." (Italics added.) Section 657 states that, "The verdict may be vacated and any other decision may be modified or vacated in whole or in part" upon a motion by the "party aggrieved." Case authority holds that until there has been a decision there is no aggrieved party. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 459 [20 Cal.Rptr. 321, 369 P.2d 937]; *Ruiz v. Ruiz, supra,* 104 Cal.App.3d at p. 378; 5 Witkin, Cal. Procedure, *supra,* § 52, p. 3628.)

In a court trial, rendition of judgment occurs when the court signs and files the findings, conclusions and the judgment. (*Ruiz* v. *Ruiz, supra,* 104 Cal.App.3d at p. 378.) The trial court in the present action did not file its findings of fact, conclusions and the judgment until October 5, 1979. As the first notice of motion was premature it is void and of no effect. (*Tabor* v. *Superior Court, supra,* 28 Cal.2d at p. 507; *Ruiz* v. *Ruiz, supra,* 104 Cal.App.3d at p. 379.) California Rules of Court, rule 232(a) states that, "The announcement of intended decision shall not constitute a judgment and shall not be binding on the court." The purpose of the announcement is to start the time running on a request for findings of fact and is only considered a preliminary order that is inef-

fective by itself. (4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 312, p. 3119; Judgment, § 4, p. 3184.)

Subsequent to the rendition of the judgment on October 5, 1979, the plaintiffs, on October 25, 1979, filed a second notice of motion for a new trial. The second alternative period for serving and filing notice of intention to move for a new trial is 15 days after the date of mailing notice of entry of judgment. (Code Civ. Proc., § 659, subd. 2.) The certificate of mailing shows that the notice of entry of judgment was mailed on October 5, 1979. Under California law service by mail is complete when the mail is deposited. (Code Civ. Proc., § 1013.)

Taking judicial note of the October 1979 calendar (Evid. Code, § 452, subd. (h); § 459, subd. (a)(2)), and applying sections 12, 12a and 12b of the Code of Civil Procedure we find that the filing of the second notice of motion was also untimely. We exclude the first day and include the last day unless the last day is a holiday. Fifteen days from October 6, 1979, is October 21, 1979. That day is a Sunday and therefore the time is extended to the next nonholiday day which is Monday, October 22, 1979. Plaintiffs' second notice of motion was filed three days late and the trial court had no power to act on the motion, as a timely filing is jurisdictional. (*Douglas* v. *Janis* (1974) 43 Cal.App.3d 931, 936 [118 Cal.Rptr. 280].) The trial court heard the argument for the motion and denied the motion. The mere act by the trial court in hearing the motion does not operate to give the court jurisdiction over the matter. The parties cannot invest the court with jurisdiction through participation in the hearing. (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 53, p. 3629.) As the notice of motion was void and of no effect there is nothing for us to review.

## II

Plaintiffs' second contention appears to have two parts. The first is that there is insufficient evidence to support the findings of the trial court. The second is that finding of fact number 11 fails to support conclusion of law number 7 that the plaintiffs were not entitled to specific performance.

In support of their first argument the plaintiffs contend that, although this record is based upon a clerk's transcript, under California Rules of Court, rule 52, the appellate court has the capacity to examine

the entire record which includes "evidence" presented in the trial briefs. This argument is without merit.

Rule 52 simply provides that on a judgment roll or clerk's transcript appeal, the presumption that the record contains all matters necessary to a determination of the appeal does not apply unless the error appears on the face of the record. There is no authority in this rule for us to review "evidence" that purportedly is contained in the *briefs*. Rule 5(d) allows a party to designate to be included in the clerk's transcript "any other papers, records or affidavits (other than exhibits admitted in evidence or rejected) on file or lodged with the clerk . . . ." There is no provision in this or any other rule for inclusion of testimony or other evidence in a clerk's transcript appeal, in the briefs or otherwise.

█ It is axiomatic in appellate review that a judgment of a lower court is presumed correct. (*County of Sacramento* v. *Lackner* (1979) 97 Cal.App.3d 576, 591 [159 Cal.Rptr. 1]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 235, p. 4225.) This presumption has special significance when, as in the present case, the appeal is based upon the clerk's transcript. "It is elementary and fundamental that on a clerk's transcript appeal the appellate court must conclusively presume that the evidence is ample to sustain the findings, and that the only questions presented are as to the sufficiency of the pleadings and whether the findings support the judgment." (*Kompf* v. *Morrison* (1946) 73 Cal. App.2d 284, 286 [166 P.2d 350]; *Dixon Mobile Homes, Inc.* v. *Walters* (1975) 48 Cal.App.3d 964, 969 [122 Cal.Rptr. 202]; *Winkelman* v. *City of Tiburon* (1973) 32 Cal.App.3d 834, 841 [108 Cal.Rptr. 415].)

█ We turn now to a consideration of finding of fact number 11 which plaintiffs argue does not support conclusion of law number 7. Finding of fact number 11 was that: "Up to and through a part of 1971, THEODORE EHRLER, SR., made continuing promises and statements to his sons that they would either receive compensation or land for the services performed on their father's land after reaching their respective ages of 21 years."

█ Generally, conclusions or a judgment unsupported by the findings is reversible error. (*Swanson* v. *Wheeler* (1952) 112 Cal.App.2d 43, 45 [245 P.2d 699]; 4 Witkin, Cal. Procedure, *supra*, § 349, p. 3148.) Such occurs even though the findings are supported by the evidence, since the conclusions of law drawn from them may be erroneous and may fail to sustain the judgment. (*Id.*, at p. 3149.)

Plaintiffs argue that the granting of the motion for judgment was due to absence of a writing and consequent application of the statute of frauds with respect to their father's promises. Their theory is that finding number 11 reflects implicitly that plaintiffs *performed in reliance* on the promises, thus taking the plaintiffs' issue out of the ambit of the statute of frauds. We disagree.

It does not appear to us that the trial court granted the motion for judgment due to an application of the statute of frauds. Civil Code section 1624 holds that certain contracts are invalid unless written. "A contract is an agreement to do or not to do a certain thing." (Civ. Code, § 1549.) There is no language in finding 11 that refers to the existence of an agreement. From our perspective the more likely rationale for the granting of the motion for judgment was the failure of the plaintiffs to prove the existence of the alleged oral contract. Moreover, case authority holds that a greater degree of certainty is required in terms of an agreement which is sought to be specifically enforced than is necessary in a contract which forms the basis of an action for damages. (*Yackey v. Pacifica Development Co.* (1979) 99 Cal.App.3d 776, 784 [160 Cal. Rptr. 430]; *Lawrence v. Shutt* (1969) 269 Cal.App.2d 749, 761 [75 Cal.Rptr. 533].) An obligation is not enforceable if the agreement does not have terms that are sufficiently certain "to make the precise act which is to be done clearly ascertainable." (Civ. Code, § 3390, subd. 5.) The trial court found that there was no express provision to pay for services or any written agreement to sell the land to the plaintiffs. It was also found that defendant made it clear to his sons he did not intend to pay for any of their services. Without an agreement there can be no specific performance. We conclude that the finding in question does support the challenged conclusion.

The judgment is affirmed.

Puglia, P. J., and Reynoso, J., concurred.