Filed 1/15/14  City of Lake Forest v. Evergeen Holistic Collective CA4/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CITY OF LAKE FOREST, | |
|    Plaintiff and Respondent, | G043909 |
|      v. | (Super. Ct. No. 30-2009-00298887) |
| EVERGREEN HOLISTIC COLLECTIVE, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, David R. Chaffee, Judge.  Affirmed.

D|R Welch Attorneys at Law and David R. Welch for Defendant and Appellant.

Best Best & Krieger, Jeffrey V. Dunn and Laura A. Dahl for Plaintiff and Respondent.

\*　　　　\*　　　　\*

Evergreen Holistic Collective contends local bans on medical marijuana dispensaries are preempted because the Legislature made clear its policy determination in Health and Safety Code section 11362.775 that the cultivation of marijuana for sick Californians by qualified cooperative or collective associations is not a nuisance, and therefore, what the Legislature has authorized, the City of Lake Forest (the city) may not ban. We agreed in a published opinion, and because the trial court granted the city's injunction request solely on the basis of the city's dispensary ban, we reversed the preliminary injunction and remanded the matter for further proceedings. The Supreme Court granted the city's petition for review and later concluded in *City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.* (2013) 56 Cal.4th 729 (*Inland Empire*) that local governments may ban medical marijuana dispensaries without triggering preemption by the Compassionate Use Act of 1996 (Health & Saf. Code, § 11362.5) or California's Medical Marijuana Program (Health & Saf. Code, § 11362.7 et seq.). The high court transferred this case back to us to consider in light of *Inland Empire*, and because that decision is controlling authority (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), we affirm the preliminary injunction. The parties shall bear their own costs on appeal.

ARONSON, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

FYBEL, J.

2