Filed 7/3/14  P. v. Uribe CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059294 |
| v. | (Super.Ct.No. RIF123822) |
| DAVID RUBEN URIBE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Craig G. Riemer, Judge. Affirmed with directions.

Richard A. Levy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

1

In *People v. Uribe*, et al. (March 13, 2013, E053314) (original opinion), this court, inter alia, rejected the assertion of defendant, David Uribe, that the dying declaration of the victim was admitted into evidence in violation of the Confrontation Clause. Also, as part of that opinion, we reversed, for insufficiency of the evidence, inter alia, the jury's true findings as to allegations under Penal Code sections 12022.53, subdivision (e) and 186.22, subdivision (b).[1] We directed the trial court to strike the 25 years-to-life terms it had imposed for the section 12022.53, subdivision (e) enhancement and the term it had stayed for the section 186.22, subdivision (b) enhancement in the event the People opted not to retry defendant for those enhancements or defendant was successful in preventing retrial of those enhancements. Subsequent to our original opinion, the People opted not to retry defendant for the enhancements and pursuant to their motion, the trial court dismissed the true findings under sections 12022.53, subdivision (e) and 186.22, subdivision (b), and struck the term imposed for the former and the term stayed for the latter. Defendant here claims that he cannot petition the United States Supreme Court on the confrontation clause issue following our original opinion because in it we remanded the matter to allow the People to determine whether to retry defendant for the enhancements, therefore, he once again raises the confrontation clause issue in this "second bite" of the appellate apple. We reject his contention, while noting that nowhere

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

in our original opinion did we use the word "remand." We further direct the trial court to clear up ambiguities in the minutes of the hearing of July 16, 2013.

The facts surrounding these crimes and the offenses and true findings made by the jury are set forth in our original opinion and need not be repeated here.

## ISSUE AND DISCUSSION

In our original opinion, we said of defendant's claim that admission of the victim's dying declaration was in violation of his right to confrontation, "Defendants acknowledge that in *People v. Monterroso* (2004) 34 Cal.4th 743, 764-765, and *People v. D'Arcy* (2010) 48 Cal.4th 257, 291-292, the California Supreme Court concluded that the admission of a dying declaration, whether testimonial or not, does not violate the Confrontation Clause. They also acknowledge that this court is bound by those decisions. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) However, in order to preserve the issue for further review, they have asserted that admissions of the victim's dying declarations violated the Confrontation Clause."

Defendant here repeats his concession that we are bound by the aforementioned California Supreme Court cases, which render his current contention unmeritorious, despite his disagreement with those cases. Moreover, as the People correctly point out, the position we took on this issue in the original opinion is law of the case, and, as such, may not be attacked by defendant in this subsequent appeal. (*People v. Barragan* (2004) 32 Cal.4th 236, 246; *People v. Stanley* (1995) 10 Cal.4th 764, 786-787.)

3

**DISPOSITION**

The trial court is directed to omit from the minutes of July 16, 2013, references to Enhancements "BK," "SR" and "VF"[2] and to insert, in their place, the Penal Code sections for the enhancements to which the references are made. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                                          P. J.


We concur:

RICHLI
                              J.

KING
                              J.

---

[2] While it may be convenient to this particular courtroom to refer to these enhancements by what is apparently a code comprised of initials, since neither this court nor the Department of Corrections is equipped with the "Enigma machine" to crack the code, the minutes are most unhelpful to both institutions.