[Civ. No. 16642.   First Dist., Div. Two.   Feb. 2, 1956.]

CECILIA M. OLIVIA et al., Appellants, v. VIC SUGLIO et al., Respondents.

Lyle W. Rucker for Appellants.

Campbell, Custer, Warburton & Britton, Alfred B. Britton, Jr., and W. R. Dunn for Respondents.

DEVINE, J. pro tem.*—This is an appeal from a judgment of dismissal which was rendered against plaintiffs when they failed to appear at the time set for trial, and from an order denying their motion to vacate the judgment of dismissal.

■ The appeal from the judgment having been filed some 11 months after the rendition of the judgment, it must be dismissed.

■ The motion to vacate the judgment was made almost 11 months after judgment was rendered, and, therefore, so far as the motion was based on the grounds of surprise, inadvertence, or excusable neglect, it was not timely made. (Code Civ. Proc., § 473.)

The motion was also based on the contention that the judgment was void because notice of time of trial was not given to plaintiffs' counsel, who alleges that after filing of a memorandum to set, he expected to be informed by the county clerk of the trial date, but was not so informed, nor was he served with notice by counsel for defendants. These facts, together with a long history of the cause, are set forth in an affidavit of counsel which accompanied the notice of motion to vacate the judgment; but the judgment roll itself does not contain any affirmative showing of lack of notice of time of trial.

■ The judgment does not state whether or not the proof of notice of time of trial was or was not made, which proof is a requisite for dismissal by the terms of section 594, subdivision 1, of the Code of Civil Procedure. That section does not describe the kind of proof necessary, nor require that the proof be recited in the judgment. ■ Where it does not appear affirmatively that a jurisdictional defect was present, the absence of a recital that jurisdictional requisites were met does not produce a judgment void on its face. (*Hahn* v. *Kelly*, 34 Cal. 391 [94 Am.Dec. 742]; *Fletcher* v.

---

*Assigned by Chairman of Judicial Council.

*Superior Court,* 79 Cal.App. 468 [250 P. 195].) ⬛ To the contrary, all presumptions favor the judgment. (*Wells Fargo & Co.* v. *City & County of San Francisco,* 25 Cal.2d 37 [152 P.2d 625] ; *Henderson* v. *Henderson,* 85 Cal.App.2d 476 [193 P.2d 135].) If the invalidity does not appear on the face of the record, it will be presumed that what ought to have been done was not only done but rightly done. (*Rico* v. *Nasser Bros. Realty Co.,* 58 Cal.App.2d 878, 882 [137 P.2d 861].)

⬛ A judgment which is void on its face may be set aside on motion, at any time after its entry, by the court which rendered the judgment (*People* v. *Greene,* 74 Cal. 400 [16 P. 197, 5 Am.St.Rep. 448] ; *Estate of Estrem,* 16 Cal.2d 563, 571 [107 P.2d 36] ), but a judgment which, even though it be in fact void, is not so by facts affirmatively appearing on the judgment roll but by facts set forth dehors the record, as by the affidavit herein, may be set aside by an independent action in equity or on motion made within a reasonable time, not exceeding the time prescribed by section 473 of the Code of Civil Procedure. (*Smith* v. *Jones,* 174 Cal. 513 [163 P. 890] ; *Penland* v. *Goodman,* 44 Cal.App.2d 14 [111 P.2d 913].)

⬛ The cases cited relate to the necessity for making the motion within the time prescribed by section 473 where a default judgment was rendered and the affidavit of a defendant alleges nonservice of summons; but the rule should apply with even greater force where, as here, ·plaintiffs' counsel had ample opportunity to follow the course of the proceedings, he having filed the memorandum to set.

The motion to vacate in this case was not made within the required time.

The appeal from the judgment is dismissed and the order denying the motion to set aside the judgment of dismissal is affirmed.

Nourse, P. J., and Dooling, J., concurred.