Filed 4/9/14  Sage v. Kosoff CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| PAMELA SAGE, | C072162 |
| Plaintiff and Appellant, | (Super. Ct. No. 150935) |
| v. | |
| BOB KOSOFF et al., | |
| Defendants and Respondents. | |

Pamela Sage appeals from the adverse judgment entered following a jury trial. She contends primarily that the trial court erred in making certain in limine rulings concerning the presentation of evidence of insurance, evidence of her use of medical marijuana, and the testimony of witnesses not disclosed during discovery.  We find, however, that Sage has forfeited her claims of error because she failed to comply with the rules of appellate procedure, including the rules requiring her to provide an adequate record for review and to show exactly how the trial court committed prejudicial error.

1

BACKGROUND

In this medical malpractice action, Sage sued Bob Kosoff and Kosoff's employer, Enloe Medical Center (Enloe), alleging that Kosoff failed to properly apply a cast to her broken wrist, which caused her injury.[1]

The matter was tried to a jury. Prior to trial, Kosoff and Enloe moved in limine to exclude any evidence of their having professional liability insurance and to exclude the testimony of witnesses not disclosed during discovery. Plaintiff moved to exclude evidence of her use of medical marijuana. The record on appeal contains neither the minute order nor the reporter's transcript of proceedings reflecting the trial court's ruling on these motions.[2]

The jury found that Kosoff was not negligent in his care of Sage, and judgment was entered in defendants' favor.

DISCUSSION

*I. Applicable Standard of Review*

Before discussing Sage's appellate contentions, we set forth various rules applicable to our review.

On appeal, we must presume the trial court's judgment is correct. In service of that rule, we adopt all intendments and inferences to affirm the judgment or order unless the record expressly contradicts them. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324 (*Nielsen*).)

---

[1] Sage also initially named a treating physician as a defendant, but he ultimately was dismissed from the action.

[2] The only portion of the reporter's transcript of a four-day jury trial in the appellate record is a 10-page excerpt that includes a portion of Sage's cross-examination by defense counsel and a discussion of whether defendants' motion in limine excluding evidence regarding insurance coverage was intended to exclude evidence of Sage's coverage by Medi-Cal.

2

It is the burden of the party challenging a judgment on appeal to provide an adequate record to assess error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) Thus, an appellant must not only present an analysis of the facts and legal authority on each point made, but must also support arguments with appropriate citations to the material facts in the record. If she fails to do so, the argument is forfeited. (*Nielsen, supra*, 178 Cal.App.4th at p. 324; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

We appreciate the difficulty that appellants may have in bearing the expense of a reporter's transcript. But the California Rules of Court provide an appellant with a choice of several types of records upon which to take an appeal. The choices include a reporter's transcript, a clerk's transcript, an agreed statement, and a settled statement. (Cal. Rules of Court, rules 8.120, 8.122, 8.130, 8.134, 8.137.) Sage has elected to proceed with the clerk's transcript, with the exception of one 10-page segment of the reporter's transcript. Because Sage chiefly proceeds with a clerk's transcript only, we must conclusively presume that the evidence is otherwise ample to sustain the trial court's findings. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154 (*Ehrler*).) A settled statement would have avoided the expense of a reporter's transcript. However, our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; Cal. Rules of Court, rule 8.163.)

II. *Sage's Opening Brief Fails to Comply with the California Rules of Court*

Pursuant to rule 8.204(a)(1)(C) of the California Rules of Court, a party must provide a citation to evidence in the record supporting any matter asserted in a brief. In her "Combined Statement of Fact & Statement of Case," Sage provides not a single evidentiary reference to the trial court's ruling.

Her failure to identify evidence in the record is doubtless due in large part to her decision, lacking a reporter's transcript of the trial, to proceed on appeal by the clerk's

3

transcript. Whatever the reason for her failures, to the extent that her conclusory assertions regarding the facts of her injury and her assertions of defendants' liability lack evidentiary support and proper citation to the record, we are compelled to disregard them. (*Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1037; *In re S.C.* (2006) 138 Cal.App.4th 396, 406 ["When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made."]; *Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826-827, fn. 1 ["It is not the task of the reviewing court to search the record for evidence that supports the party's statement; it is for the party to cite the court to those references. Upon the party's failure to do so, the appellate court need not consider or may disregard the matter."].)

### III. *Sage Fails to Show Reversible Error*

Although her claims of error are somewhat difficult to discern, it appears Sage is challenging various evidentiary rulings by the trial court. She contends the trial court: (1) erred in denying her motion in limine to exclude evidence of her use of medical marijuana; (2) erred in excluding evidence concerning her insurance coverage or lack thereof; and (3) erred in granting defendants' motion to exclude witnesses whose identity was not disclosed during discovery.

" 'A motion in limine is made to exclude evidence before the evidence is offered at trial, on grounds that would be sufficient to object to or move to strike the evidence. . . .' [Citation.] Generally, a trial court's ruling on an in limine motion is reviewed for abuse of discretion. [Citation.] However, when the issue is one of law, we exercise de novo review." (*Condon-Johnson & Associates, Inc. v. Sacramento Municipal Utility Dist.* (2007) 149 Cal.App.4th 1384, 1392.)

Sage has not carried her burden to show an abuse of discretion. In a judgment roll appeal such as this one, we must conclusively presume evidence was presented that is sufficient to support the court's findings (*Ehrler, supra,* 126 Cal.App.3d at p. 154), and

4

the trial court's conclusions of law are binding upon us unless error appears on the face of the record. (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924.) In addition, we must conclusively defer to the finder of fact on issues of credibility. (See *Lenk v. Total-Western, Inc*. (2001) 89 Cal.App.4th 959, 968.) Applying those principles, we presume the evidence and argument justified the trial court's in limine rulings and, without any means of evaluating these matters for ourselves, we must assume the trial court acted properly when it admitted evidence and/or ruled on evidentiary motions. We must presume on appeal that official duties have been regularly performed (Evid. Code, § 664), and this presumption extends to the actions of trial judges. (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1461, fn. 5; *Olivia v. Suglio* (1956) 139 Cal.App.2d 7, 8-9 ["If the invalidity does not appear on the face of the record, it will be presumed that what ought to have been done was not only done but rightly done."].) In sum, we cannot entertain arguments the trial court abused its discretion in ruling on motions in limine because, on this record, we presume it correctly ruled on all evidentiary questions presented.

To support her argument that the trial court erred in disallowing her testimony about her own lack of insurance coverage, Sage provides the sole brief excerpt of the reporter's transcript of the trial showing the trial court acknowledged that such testimony was not precluded by defendants' motion in limine to exclude testimony concerning their professional liability coverage. This excerpt, however, does not show the trial court erred in limiting Sage's testimony about her own insurance. Rather, the transcript shows the trial court instructed the jury to consider "no reference to insurance," because "[t]here was later discussion" on the topic of Sage's insurance coverage after defendants' motion in limine was heard. Because the record does not contain the parties' "later discussion" on the question of Sage's insurance coverage, we presume it supports the trial court's decision to exclude evidence of Sage's insurance coverage and its decision to instruct the jury to disregard any evidence of insurance coverage.

5

Finally, we note that Sage complains in passing that her case was negatively affected by her attorney's becoming ill on the first day of trial, and by the trial court's demonstrated bias against her i.e., by making "facial expressions" during some portions of the testimony and showing "clear and blatant abuse of power and discretion" against Sage's case. (Underscoring omitted.) But, because Sage has not supported these assertions with any citations to the record, we cannot entertain them. (Cal. Rules of Court, rule 8.204(a)(1)(C).)

In sum, Sage has not demonstrated error "on the face of the record" sufficient to warrant reversing the judgment. (Cal. Rules of Court, rule 8.163.)

DISPOSITION

The judgment is affirmed. Defendants are awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)


    BLEASE           , Acting P. J.


We concur:


    ROBIE         , J.


    BUTZ         , J.