Filed 9/9/14  Morrison v. Ross CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| LOVORN MORRISON,<br><br>          Plaintiff and Respondent,<br><br>     v.<br><br>O'NEIL ROSS,<br><br>          Defendant and Appellant;<br><br>SAN JOAQUIN COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>          Intervener and Respondent. | C074089<br><br>(Super. Ct. No. FS072931) |

Defendant O'Neil Ross appeals in propria persona after the trial court ordered him to pay $1,675 per month in child support and $421 per month for child care costs, and $100 per month in arrears.  Ross claims the trial court erred by (1) excluding evidence of

1

certain child care costs incurred by the mother, (2) excluding evidence of the mother's attempts to prevent visitation, and (3) admitting hearsay evidence of costs allegedly incurred by the mother. He asks us to reverse the trial court's orders.

Ross does not support his claims with relevant legal authority and his claims are not supported by the record on appeal. We will affirm the trial court orders.

BACKGROUND

Ross elected to proceed on a clerk's transcript. (Cal. Rules of Court, rule 8.121.) This is referred to as a "judgment roll" appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082; *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.)

The limited record establishes that in November 2009, the trial court ordered Ross to pay $2,230 per month in child support for two minor children, $542 per month for child care expenses, and $25 per month in arrears.

In February 2012, the trial court ordered Ross to pay $2,004 per month in child support, $421 per month for child care expenses, half of all reasonable uninsured health care expenses, and $100 per month in child support arrears. The trial court also ordered the mother to pay for child care using checks and to provide Ross with copies of those cancelled checks on a quarterly basis.

Ross subsequently filed a motion to modify child support. The trial court heard the motion on April 4, 2013, and took the matter under submission; on June 3, 2013, among other orders, the trial court ordered Ross to pay $1,675 per month in child support, $421 per month for child care expenses, and $100 per month in child support arrears. The trial court also found that Ross was not exercising his visitation with the children and that he owed approximately $16,500 in child support arrears. The trial court denied Ross's request for "credit" of travel expenses incurred visiting the children, but indicated he could save his receipts and "petition the court for credit against his arrears." Ross appeals from the June 3, 2013 orders.

2

STANDARD OF REVIEW

On appeal, we must presume the trial court's judgment is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Thus, we must adopt all inferences in favor of the judgment, unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)

It is the burden of the party challenging a judgment to provide an adequate record to assess claims of error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) When an appeal is on the judgment roll (*Allen v. Toten, supra*, 172 Cal.App.3d at p. 1082), we must conclusively presume evidence was presented that is sufficient to support the court's findings (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154). Our review is limited to determining whether any error appears on the face of the record. (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; Cal. Rules of Court, rule 8.163.)

These rules of appellate procedure apply to Ross even though he is representing himself on appeal. (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; see also *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639, disapproved on other grounds in *Douglas v. Ostermeier* (1991) 1 Cal.App.4th 729, 744, fn. 1; *Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)

DISCUSSION

Ross claims the trial court committed various evidentiary errors. Generally, we review a trial court's evidentiary rulings for abuse of discretion. (*People v. Thompson* (2010) 49 Cal.4th 79, 128.) Without a transcript, however, we must conclusively presume evidence was presented that is sufficient to support the court's findings. (*Ehrler v. Ehrler*, *supra*, 126 Cal.App.3d at p. 154.) In addition, we must conclusively defer to the finder of fact on issues of credibility. (See *Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968.) Applying those principles, we must assume the trial court acted properly when it admitted evidence and/or ruled on evidentiary motions. We must

3

presume on appeal that official duties have been regularly performed (Evid. Code, § 664), and this presumption extends to the actions of trial judges. (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1461, fn. 5; *Olivia v. Suglio* (1956) 139 Cal.App.2d 7, 8-9 ["If the invalidity does not appear on the face of the record, it will be presumed that what ought to have been done was not only done but rightly done."].) In sum, on this record, we presume the trial court correctly ruled on all evidentiary questions presented. Ross has not established otherwise.

To the extent Ross claims the trial court abused its discretion in issuing any of its orders on June 3, 2013, or that there was insufficient evidence to support those orders, Ross does not provide any legal analysis or citation to relevant legal authority to support either claim. Accordingly, we do not consider any claims for abuse of discretion or sufficiency of the evidence. (*People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2 [reviewing court need not discuss claims that are asserted perfunctorily and insufficiently developed]; *People v. Hardy* (1992) 2 Cal.4th 86, 150 [same]; *People v. Galambos* (2002) 104 Cal.App.4th 1147, 1159 [appellate contentions must be supported by citations and analysis].)

Ross makes several requests to have evidence admitted in this court for the purposes of this appeal. But our role in this appeal is limited to reviewing the evidence that was before the trial court; we will not admit additional evidence.

Ross also asks us to award him reasonable compensation for costs and losses he suffered to pursue this matter. However, Ross provides no citation to authority or analysis to support his request; accordingly, we decline to consider it. (*People v.*

*Freeman*, *supra*, 8 Cal.4th at p. 482, fn. 2; *People v. Hardy*, *supra,* 2 Cal.4th at p. 150; *People v. Galambos*, *supra,* 104 Cal.App.4th at p. 1159.)

DISPOSITION

The orders of the trial court are affirmed.  Each party shall bear its own costs on appeal.

        MAURO        , J.

We concur:

        BLEASE        , Acting P. J.

        ROBIE        , J.