Filed 11/25/14  Sisson v. Venezia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| VERONICA DAYLE SISSON, | C074595 |
| Respondent, | (Super. Ct. No. SDR0041841) |
| v. | |
| MICHAEL VENEZIA, | |
| Appellant. | |

In this pro se judgment roll appeal, defendant Michael Venezia challenges the five-year restraining order issued by the trial court against him at the request of plaintiff Veronica Dayle Sisson.[1]  Defendant claims service of the restraining order was improper and thus the order is void.

---

[1]  Although the parties' trial court designations are petitioner (Sisson) and respondent (Venezia), and because Sisson's designation in this court is respondent, we will refer to them as plaintiff and defendant to avoid confusion.

1

As we will explain, defendant's briefing is deficient in numerous respects, including his failure to provide citations to the record or make coherent arguments supported by pertinent authorities. Those deficiencies aside, the five-year restraining order he challenges was in fact vacated by the trial court and a new one-year restraining order issued following a contested hearing in which he participated, rendering his claim moot. We therefore dismiss the appeal.

## BACKGROUND

Defendant has elected to proceed on a clerk's transcript. (Cal. Rules of Court, rule 8.120.) As a result, the appellate record does not include a reporter's transcript of the hearings that gave rise to the order challenged in this appeal. This is referred to as a "judgment roll" appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083 (*Allen*); *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.) From the scant record on appeal, we glean the following:

Plaintiff and defendant had, at one time, been involved in a domestic relationship, the exact nature of which is unclear. According to a proof of personal service filed with the court, defendant was personally served on August 23, 2012, with the following documents: a notice of court hearing (Judicial Council Forms, form DV-109), a request for domestic violence restraining order (Judicial Council Forms, form DV-100), a blank response to request for domestic violence restraining order (Judicial Council Forms, form DV-120), and a temporary restraining order (Judicial Council Forms, form DV-110).

On September 10, 2012, both plaintiff and defendant attended a hearing wherein plaintiff was granted a temporary restraining order against defendant effective pending trial (scheduled for September 25, 2012).

Defendant did not attend the September 25, 2012, proceeding. The trial court found defendant was not only present when the trial was set, but was also properly served with plaintiff's request for the temporary restraining order. The court proceeded to hear

2

plaintiff's testimony and thereafter granted a permanent restraining order in her favor, effective for a period of five years.[2]  According to the proof of service filed with the court, defendant was served by mail on October 18, 2012, with a "Form CH-130, Civil Harassment Restraining Order After Hearing" and a "[Form] CH-800 (Firearms)."

On November 29, 2012, defendant filed a request that the five-year restraining order be dismissed and for reimbursement from plaintiff for moving expenses and rent. The request and supporting declaration alleged, in part, that the "initial order wasn't properly served, incomplete packet."  Defendant also requested that the court "gra[n]t a new hearing to reach the truth or dismiss with predijuce [*sic*]" the five-year restraining order.

On December 17, 2012, the court scheduled a trial assignment conference regarding defendant's reimbursement claim and referred him to the family law legal help center regarding his "motion for reconsideration . . . re:  [domestic violence restraining order] to be dismissed."

On February 20, 2013, the court (Saint-Evens, J.) issued an order continuing the trial assignment conference, stating defendant "is noticed that his request for dismissal of [domestic violence restraining order] needs to be heard by Judge Gini," and again referring defendant to the family law legal help center regarding his "motion to reconsider," which, according to the court, had yet to be filed.

On March 14, 2013, the court held a contested hearing on defendant's "request for dismissal/reconsideration of the permanent restraining order."  Plaintiff and defendant were both present at the hearing.  The court determined that while the time had passed to file a timely motion for reconsideration, an evidentiary hearing was nonetheless appropriate.  After considering the parties' opening statements and receiving

---

[2]  Neither the request for the temporary restraining order nor the five-year restraining order were made a part of the appellate record.

3

documentary and testamentary evidence, the court vacated the previous five-year restraining order and issued a new, one-year restraining order in favor of plaintiff (and another person, presumably plaintiff's child).[3]

Defendant filed a motion to dismiss or for new trial on March 18, 2013.

On April 25, 2013, the court held a hearing on defendant's motion to dismiss or for new trial. Defendant requested and was given a copy of the proof of service for the original five-year restraining order. After considering argument from both parties, the court denied defendant's motion to dismiss but granted his request to continue the new trial motion to permit him "to obtain more evidence."

On August 9, 2013, the court denied defendant's motion for new trial.

Defendant filed his notice of appeal of the court's August 9, 2013, order on August 23, 2013.

## DISCUSSION

Defendant contends the original five-year restraining order issued on September 25, 2012, is void because "proof of service was improper." For that reason, he claims, the court should have granted his motion to dismiss "on August 9, 2013."[4] Defendant's claim is moot.

On appeal, we must presume the trial court's judgment or order is correct. (*Boyle v. CertainTeed Corp*. (2006) 137 Cal.App.4th 645, 649-650.) Error is never presumed; rather, we adopt all inferences in favor of the judgment or order appealed from unless the record expressly contradicts them. (*Brewer v. Simpson* (1960) 53 Cal.2d 567, 583; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)

---

[3] The one-year restraining order was not made a part of the appellate record.

[4] In point of fact, the court denied defendant's motion to dismiss on April 25, 2013. The court's August 9, 2013, order was a denial of his motion for new trial.

4

Defendant is the party challenging an order on appeal, and thus it is his burden to provide an adequate record to assess error.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.)  In addition, defendant, as the appellant, must present an analysis of the facts and legal authority on each point made, and must also support the arguments with appropriate citations to the material facts in the record.  Failure to do so may result in forfeiture.  (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

Although defendant is representing himself on appeal, he is held to the same standards as an attorney.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["self-represented parties are entitled to no greater consideration than other litigants and attorneys"]; *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284 [pro se litigants are not entitled to special exemptions from rules of court].)  The same rules apply to everyone.

Because defendant has chosen to appeal "on the judgment roll" (*Allen, supra*, 172 Cal.App.3d at pp. 1082-1083), we " 'must conclusively presume that the evidence is ample to sustain the [trial court's] findings' " (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154).  Our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; see Cal. Rules of Court, rule 8.163.)

Defendant's brief is difficult to understand and, contrary to court rules, contains no citations to the record to support his factual assertions.  It also lacks a coherent analysis of legal principles or citations to relevant authority, all of which are required by settled appellate rules (see *In re S.C.* (2006) 138 Cal.App.4th 396, 408) and necessary for our consideration of his claims.  To the extent portions of the brief are unintelligible, we decline to consider them.  (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522-523.)

Notwithstanding our difficulty in understanding defendant's brief, one thing is certain from the record:  the five-year restraining order issued on September 25, 2012, and challenged by defendant here on appeal was vacated by the court at the March 14,

5

2013, contested hearing.  Not only was defendant present at that hearing, but he also availed himself of due process by making an opening statement and offering oral and documentary evidence on his own behalf.  Thereafter, the court vacated the existing five-year restraining order and issued a new one-year restraining order in favor of plaintiff. We presume the operative one-year restraining order was served forthwith on defendant who was then in court for the hearing.  (See Evid. Code, § 664; *Olivia v. Suglio* (1956) 139 Cal.App.2d 7, 9 ["If the invalidity does not appear on the face of the record, it will be presumed that what ought to have been done was not only done but rightly done."].) Thus, defendant's claim regarding service of the previous five-year restraining order is moot.

## DISPOSITION

The appeal is dismissed.

        RAYE        , P. J.

We concur:

       BLEASE       , J.

       MAURO       , J.