Filed 7/20/15  Marriage of Frazier CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| In re the Marriage of FLAVIS, JR., and JOANN YVETTE FRAZIER. | C076791 |
| FLAVIS FRAZIER, JR., | |
| Respondent, | (Super. Ct. No. 12FL02293) |
| v. | |
| JOANNE YVETTE FRAZIER, | |
| Appellant. | |

Joanne Yvette Frazier (wife) appeals from a court order compelling her to pay attorney fees totaling $2,000 to Flavis Frazier, Jr. (husband), as sanctions under Family Code section 271,[1] and which authorizes the clerk of the court to sign the listing agreement for sale of the marital residence.  Wife contends the trial court committed

---

[1] Undesignated statutory references are to the Family Code.

1

numerous errors in issuing its orders. We conclude wife's claims are not supported by the appellate record or legal argument and affirm the orders of the trial court.

Wife has elected to proceed on a clerk's transcript. (Cal. Rules of Court, rule 8.121.) Thus, the appellate record does not include a reporter's transcript of the hearing in this matter. This is referred to as a judgment roll appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083; *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.)

The limited record we have establishes that in April 2012, husband filed a petition to dissolve the parties' nearly seven-year marriage. In October 2012, husband filed a motion to bifurcate the issue of marital status from all remaining issues in the dissolution proceeding. The court granted husband's motion and a judgment dissolving the parties' marriage was entered on January 10, 2013. The court reserved jurisdiction on "all other issues."

In December 2013, husband filed a motion seeking attorney fees as sanctions under section 271, and an order compelling wife to cooperate in the sale of the marital residence. Wife opposed the motion, arguing it was husband who was not cooperating with her. Wife also did not approve of the agent husband chose to list the marital residence.

On April 8, 2014, husband gave wife notice he would be appearing ex parte in the trial court on the following day. Husband would again seek the court's assistance in compelling wife to execute the documents necessary to list the marital residence for sale. The trial court granted husband an order shortening time for his motion and set a hearing on April 23, 2014, but otherwise denied his request.

Wife again opposed husband's motion. Wife wanted the opportunity to buy the marital residence before it was listed for sale. Wife was already prequalified for $350,000 and her brother was "in the process" of prequalifying for an additional $250,000.

2

Wife failed to appear at the hearing on April 23, 2014, because she was recovering from surgery. The court nevertheless deferred signing of the listing agreement in order to give wife an opportunity to secure financing so that she could purchase the marital residence. The matter was then continued to May 14, 2014, when the court would consider husband's request for attorney fees and to follow up on the status of the marital residence.

On May 14, 2014, the trial court ruled that the clerk of the court may sign the listing agreement with Daphne Harris on wife's behalf. The court also granted husband's request for attorney fees as sanctions: "The court having reviewed the respective ability to pay [section] 271 fees wife has total income of approximately $4100 per month--pays other expenses related to the home but not the mortgage. Court finds wife's conduct has been uncooperative. No basis offered to not sign listing agreement. Has not complied in a timely manner with court order to obtain financing (10 days late) and not obtain formal appraisal to determine buyout amount but continues to object. Does not object to list the home for sale but refuses to cooperate in a timely fashion. Fees are appropriate in [the] sum of $2,000 payable at the rate of $200 per month commencing June 1, 2014 due by the 1st and delinquent if not received by the 5th." Wife appeals from that order.

STANDARD OF REVIEW

On appeal, we must presume the trial court's judgment is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Thus, we must adopt all inferences in favor of the judgment, unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)

It is the burden of the party challenging a judgment to provide an adequate record to assess claims of error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) When an appeal is on the judgment roll (*Allen v. Toten, supra,* 172 Cal.App.3d at p. 1082), we must conclusively presume evidence was presented that is sufficient to support the court's findings (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154). Our review is

3

limited to determining whether any error appears on the face of the record. (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; Cal. Rules of Court, rule 8.163.)

These rules of appellate procedure apply to wife even though she is representing herself on appeal. (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; see also *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639, disapproved on other grounds in *Douglas v. Ostermeier* (1991) 1 Cal.App.4th 729, 744, fn. 1; *Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)

DISCUSSION

Wife contends the trial court erred in ordering her to pay husband's attorney fees as sanctions under section 271. With regard to sanctions, the appellate record establishes that the trial court reviewed the parties' respective abilities to pay fees, found wife was uncooperative in listing the marital residence, and found wife failed to comply with court orders. These findings are sufficient to support the court's decision with regard to sanctions. (§ 271.)[2] And, without a reporter's transcript of the hearing, we must conclusively presume the evidence was sufficient to sustain those findings. (*Ehrler v. Ehrler, supra,* 126 Cal.App.3d at p. 154.) We find no error on the face of this record.

---

[2] "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed. In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award." (§ 271, subd. (a).)

Wife makes numerous claims about the manner in which the trial court resolved the parties' dispute related to the marital residence. She claims: (1) the issue of the marital residence was improperly bifurcated from the remainder of the marital estate in determining the distribution of community property; (2) the issue of the marital residence was resolved in the wrong department of the trial court; and (3) the trial court erred in granting husband the exclusive right to select the realtor who would list the marital residence for sale.

Again, we find no error on the face of this record. (*National Secretarial Service, Inc. v. Froehlich, supra,* 210 Cal.App.3d at p. 521.) Additionally, wife provides no citation to authority or analysis to support her claims; accordingly, we will not consider them. (*People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2 [reviewing court need not discuss claims that are asserted perfunctorily and insufficiently developed]; *People v. Hardy* (1992) 2 Cal.4th 86, 150 [same]; *People v. Galambos* (2002) 104 Cal.App.4th 1147, 1159 [appellate contentions must be supported by citations and analysis].) Wife also has failed to show how she was prejudiced by these claimed errors. We will not reverse a trial court absent a showing of prejudice. (Cal. Const., art. VI, § 13.)

Wife also contends the trial court allowed husband to abuse the court system with his several ex parte hearings, erred in "failing to make an objective criterion for what constituted 'cooperation,' " and erred in compelling wife to sign documents "against [her] interest." Wife provides no citation to authority or analysis to support her claims. Accordingly, we will not consider them. (*People v. Freeman, supra*, 8 Cal.4th at p. 482, fn. 2; *People v. Hardy, supra*, 2 Cal.4th at p. 150; *People v. Galambos, supra*, 104 Cal.App.4th at p. 1159.)

Wife's final claim that "[t]he court denied . . . her due process rights in the protection of her property interests" also fails. Wife claims the court denied her due process by forcing her to sign documents related to the marital residence that were not in her interests and in refusing to consider wife's "original response to [husband's] initial

5

petition for attorney fees . . . during the proceedings leading to the court's sanction on payment of attorney fees."

There is no reporter's transcript in the appellate record and we must presume on appeal that official duties have been regularly performed (Evid. Code, § 664); this presumption extends to the actions of trial judges. (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1461, fn. 5; *Olivia v. Suglio* (1956) 139 Cal.App.2d 7, 8-9 ["If the invalidity does not appear on the face of the record, it will be presumed that what ought to have been done was not only done but rightly done."].) Accordingly, on this record, we must presume the trial court's decisions regarding sanctions and the marital residence were supported by the evidence admitted at the hearing. Moreover, we must conclude the trial court ruled correctly on all evidentiary questions presented, including decisions to exclude evidence.

In sum, we find no error on the face of this record and affirm the orders of the trial court.

## DISPOSITION

The orders of the trial court are affirmed. Each party shall bear their own costs on appeal.


    BLEASE        , Acting P. J.


We concur:


    BUTZ        , J.


    HOCH        , J.