Filed 7/29/15  Marriage of Johns CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of JEREMY and MELISSA J. JOHNS. | C074271 |
| JEREMY JOHNS, | (Super. Ct. No. 11FL03116) |
| Respondent, | |
| v. | |
| MELISSA J. JOHNS, | |
| Appellant. | |

Melissa J. Johns (mother), in propria persona, appeals from a postjudgment order modifying custody of the minor children she shares with Jeremy Johns (father).  Mother contends the trial court abused its discretion in modifying the prior custody order without a finding of changed circumstances, erred in admitting the mediator's report and recommendation, and failed to consider relevant evidence.

We affirm.

1

## DISCUSSION

The postjudgment order from which mother appeals, issued following a contested hearing in the trial court. The appellate record, however, does not include a reporter's transcript from that hearing, and no reporter is noted in the minute order.[1] Therefore, we treat this as an appeal on the judgment roll. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083 (*Allen*); *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.)

The limited record we have establishes that a judgment dissolving the parties' marriage was entered on December 14, 2011. Included in that judgment was a stipulated custody order. Father moved to modify that stipulated custody order in January 2012, and on March 14, 2012, the trial court granted father's motion - adopting the family court services recommended parenting plan.

On November 9, 2012, father filed a motion to modify the March 14, 2012, custody order. Mother opposed the motion and the trial court presided over a contested hearing on March 28, 2013. Following that hearing, the trial court granted father's motion. The court continued the order for joint custody but modified the parenting and holiday schedules.

The court also ruled that this was "not a final custody determination. The court desires to keep the best interests standard in play for possible modification. The court is concerned by []/Mother's obstruction and resistance to []/Father's relationship with the children and would entertain moving primary physical custody to []/Father if this keeps up." Mother appeals from this order.

---

[1] In her designation of the record on appeal, mother indicated she was proceeding both with and without a reporter's transcript. In a later-filed declaration in support of her motion to augment the record, however, mother acknowledges no court reporter was present at the contested hearing.

On appeal, we must adopt all inferences in favor of the judgment, unless the record expressly contradicts them.  (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)

It is the burden of the party challenging a judgment to provide an adequate record to assess claims of error.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.)  When an appeal is "on the judgment roll" (*Allen*, *supra*, 172 Cal.App.3d at pp. 1082-1083), we must conclusively presume evidence was presented that is sufficient to support the court's findings (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154 (*Ehrler*)).  Our review is limited to determining whether any error "appears on the face of the record."  (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; Cal. Rules of Court, rule 8.163.)

These restrictive rules of appellate procedure apply to mother even though she is representing herself on appeal.  (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; see also *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639; *Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)

Mother contends the trial court abused its discretion in modifying the custody order without finding changed circumstances.  First, the March 14, 2012, custody order does not, on its face, indicate that it is a final custody order.  Unless the order was a final one, the court was not required to find changed circumstances in order to modify the order.  Rather, the court was required only to determine what custody order was in the children's best interests.  (See *Montenegro v. Diaz* (2001) 26 Cal.4th 249, 256-257 [only modification of a final/permanent custody order requires a showing of changed circumstances, otherwise the standard is best interests of the children].)

Second, even if the court was required to find changed circumstances before modifying the March 14, 2012, order, without a reporter's transcript of the contested hearing in this matter, we must presume the court made sufficient findings to support its decision.  (*Ehrler*, *supra*, 126 Cal.App.3d at p. 154.)  Additionally, we must conclusively

presume evidence was presented that is sufficient to support the court's findings. (*Ibid.*) On the face of the record, we find nothing to suggest otherwise.

Mother further claims the trial court committed various evidentiary errors. Generally, we review a trial court's evidentiary rulings for abuse of discretion. (*People v. Thompson* (2010) 49 Cal.4th 79, 128.) Without a transcript, however, we must conclusively presume evidence was presented that is sufficient to support the court's findings. (*Ehrler*, *supra*, 126 Cal.App.3d at p. 154.) We must, therefore, assume the trial court acted properly when it admitted evidence and/or ruled on evidentiary motions. We must presume on appeal that official duties have been regularly performed (Evid. Code, § 664), and this presumption extends to the actions of trial judges. (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1461, fn. 5; *Olivia v. Suglio* (1956) 139 Cal.App.2d 7, 8-9 ["If the invalidity does not appear on the face of the record, it will be presumed that what ought to have been done was not only done but rightly done."].) In sum, on this record, we presume the trial court correctly ruled on all evidentiary questions presented. Mother has failed to establish otherwise.

## DISPOSITION

The order of the trial court is affirmed. Costs on appeal are awarded to father. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

                                           MURRAY         , J.

We concur:


      NICHOLSON     , Acting P. J.


      ROBIE          , J.

4