Filed 10/6/16  Marriage of Kim CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of MICHAEL and ANNABELLE KIM. | C080719 |
| MICHAEL KIM,<br><br>           Appellant,<br><br>     v.<br><br>ANNABELLE KIM,<br><br>           Appellant. | (Super. Ct. No. 10FL00288) |

Appellant Michael Kim (husband) appeals from an order characterizing and dividing real and personal property.  Husband contends the trial court erred in characterizing real property located in the Philippines as the separate property of Annabelle Kim (wife).  Husband further contends he should be given credit for money wife removed from a community property account.

1

The record on appeal does not include a reporter's transcript of the long cause hearing at which evidence was admitted and arguments made. Accordingly, we treat the appeal as a "judgment roll" appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083; *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.)

On the face of this record, husband cannot establish error. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Husband and wife were married on February 2, 2000, and separated on April 11, 2011. On September 4, 2015, the trial court presided over a long cause hearing on issues of characterization and division of real and personal property. On September 8, 2015, the court issued its written decision. As relevant here, the trial court characterized real property located in the Philippines as wife's separate property and awarded the property to her. Specifically, the court found that title to the property was held in wife's name and that husband failed to rebut the title presumption by clear and convincing evidence. The trial court also found the parties agreed that the community property "Fidelity Joint Account" had a balance of "approximately $201." That $201, the court ruled, was to be divided evenly between the parties.

Husband appeals from that order.

## DISCUSSION

On appeal, we must presume the trial court's judgment is correct. (*People v. Giordano* (2007) 42 Cal.4th 644, 666.) Thus, we must adopt all inferences in favor of the judgment, unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)

The party challenging a judgment bears the burden to provide an adequate record to assess claims of error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) When an appeal is "on the judgment roll" (*Allen v. Toten, supra*, 172 Cal.App.3d at pp. 1082-1083), we must conclusively presume evidence was presented that is sufficient to support the court's findings. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154 (*Ehrler*).) Our

review is limited to determining whether any error "appears on the face of the record." (Cal. Rules of Court, rule 8.163; *In re Marriage of Hall* (2000) 81 Cal.App.4th 313, 316)

These restrictive rules of appellate procedure apply to husband even though he is representing himself on appeal. (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795; *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121; see also *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639.)

Here, with regard to the real property in the Philippines, husband argues both that wife perjured herself and the evidence "clearly indicated" the property was purchased with community funds. Thus, he contends, the trial court erred in characterizing the property as wife's separate property.

As we have explained, on a judgment roll appeal our review is limited to error appearing on the face of the record. (See *In re Marriage of Hall, supra*, 81 Cal.App.4th at p. 316.) We presume official duties have been regularly performed (Evid. Code, § 664), and this presumption applies to the actions of trial judges (see *People v. Duran* (2002) 97 Cal.App.4th 1448, 1461-1462, fn. 5; *Olivia v. Suglio* (1956) 139 Cal.App.2d 7, 9 ["If the invalidity does not appear on the face of the record, it will be presumed that what ought to have been done was not only done but rightly done"]).

The trial court found that title to the real property was held in wife's name alone. Accordingly, the property was presumptively wife's separate property. (Evid. Code, § 662 ["The owner of the legal title to property is presumed to be the owner of the full beneficial title"].) The court further found husband failed to present clear and convincing evidence to rebut that presumption. (Evid. Code, § 662 [title presumption "may be rebutted by clear and convincing proof"].) Without a reporter's transcript, we must conclusively presume that sufficient evidence was introduced to support the trial court's findings. (*Ehrler, supra*, 126 Cal.App.3d at p. 154.) Husband has not shown error.

Husband next contends the trial court failed to consider the "intact amount" of "communal property" that was contained in the Fidelity Joint Account prior to the

3

parties' separation. In support of his contention, husband argues wife agreed the balance of that account was $6,635.49 at the date of separation. The court, however, found the parties agreed the balance of the Fidelity Joint Account to be divided was "approximately $201." Without a reporter's transcript, or any other reviewable record of the proceedings, we must conclusively presume that the evidence submitted at the long cause hearing supports that finding. (See *Ehrler, supra,* 126 Cal.App.3d at p. 154.)

## DISPOSITION

The order of the trial court is affirmed. Husband shall pay wife's costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                           /s/
                                    Duarte, J.



We concur:



        /s/
Raye, P. J.



        /s/
Nicholson, J.


4